SPIES *v.* CHICAGO & E. I. R. Co.

*(Circuit Court, S. D. New York.* November 24, 1887.)

REMOVAL OF CAUSES—PLEA—JURISDICTION OF COURT.

An Illinois corporation was sued in the supreme court of New York, and the cause was removed to the federal circuit court for the Southern district, whereupon defendant filed a plea alleging that the court had no jurisdiction, or, if it had, that it ought not to exercise it, for the reason that the cause could be tried with greater convenience in the courts of Illinois. *Held* that, as no controlling authority appeared to warrant such a proceeding, the plea should be overruled.

Plea in Equity.
*John W. Weed,* for complainant.
*Austen G. Fox,* for defendant.

COXE, J. The complainant is a citizen of New York. The defendant is an Illinois corporation. The action was commenced in the autumn of 1886 in the supreme court of this state. The complainant, who is the owner of income bonds issued by the defendant, the par value of which is $62,500, seeks to compel an accounting from the defendant of its net earnings, and the application thereof to the payment of the interest upon his bonds; he also asks for an injunction restraining the disposition of the earnings until the interest is paid. The defendant, having entered a general appearance, and removed the cause to this court, demurred, upon the theory that the trustee under the mortgage given to secure the complainant's bonds was a necessary party. The demurrer was overruled. 30 Fed. Rep. 397. Subsequently the defendant filed an answer on the merits, and also a plea disputing the jurisdiction of the court, upon the ground that the defendant is a foreign corporation, having no property, and transacting no business, in this district.

Upon the argument of the plea the counsel for the defendant admitted that this court has jurisdiction of the subject-matter of the suit, and of the person of the defendant. See *Robinson* v. *Stock-Yard Co.*, 12 Fed. Rep. 361; *Jones* v. *Andrews*, 10 Wall. 327; *Block* v. *Railroad Co.*, 21 Fed. Rep. 529; *Kelsey* v. *Railroad Co.*, 14 Blatchf. 89; *Gracie* v. *Palmer*, 8 Wheat. 699; *Flanders* v. *Insurance Co.*, 3 Mason, 158. But it is contended by the defendant that, although the court has the power to dispose of the cause, it may, in its discretion, send the parties to the courts of Illinois, where the questions at issue can be more conveniently and properly determined, and that this discretion should be exercised. The assertion that the cause can be tried with greater convenience in Illinois is vigorously disputed by the complainant.

As this court has in several similar instances retained jurisdiction, and as no controlling authority has been cited sustaining the view of the defendant, it is thought that the plea must be overruled. The answer already filed may stand.

It is of course unnecessary to pass upon the complainant's objection that the defendant, by answering upon the merits, waived its plea.