Gribble v. Wilson.

---

GRIBBLE v. WILSON.

(*Nashville.* January 11, 1899.)

1. CONSTITUTIONAL LAW. *Right of trial by jury.*

That clause of § 5841 of Shannon's Code which directs that the "additional costs" of a special jury in a civil case shall be taxed to the losing party is invalid, as an unwarranted invasion of the right of trial by jury, as defined and preserved by the State and Federal Constitutions. The remainder of the section is valid. (*Post, pp. 613–619.*)

Constitution construed: Art. I., Sec. 6; U. S. Const., VII. Amendment.

Code construed: § 5841 (S.); § 4805 (M. & V.); § 4029 (T. & S.).

Cases cited: McDaniel v. Railroad, 88 Tenn., 542; Clingan v. Railroad, 2 Lea, 726; Jackson v. Pool, 91 Tenn., 452; Hannum v. State, 90 Tenn., 649; Mayor v. Shepherd, 3 Bax., 373; Dunn v. Railroad, 3 Bax., 415; Neely v. State, 4 Bax., 174; Henley v. State, 98 Tenn., 702–704.

2. SAME. *Constitutionality of statutes considered only when raised.*

This Court does not seek out constitutional defects in statutes, but indulges a strong presumption in favor of their constitutionality and validity. Such questions are not considered unless raised and presented, and hence the fact that the Court may have construed and enforced a statute, whose constitutionality had not been questioned, is not conclusive of its validity, and does not preclude inquiry as to its constitutionality when that question is properly raised. (*Post, pp. 616, 617.*)

---

FROM DEKALB.

---

Appeal in error from Circuit Court of DeKalb County. W. D. SMALLMAN, J.

WEBB, CANTRELL & FOSTER for Gribble.

WADE & ROBINSON and D. O. WILLIAMS for Wilson.

WILKES, J.   This is a motion to retax costs in a suit for slander.   On motion of defendant, a special jury was ordered summoned and impaneled to try the suit.   Persons were designated by the trial Judge, from whom the jury was selected.   The plaintiff, upon trial, was the losing party and by order of the Court the costs were taxed to him. He now moves to retax this cost so as to relieve him of so much as was incurred at and about the summoning, impaneling, and serving of the special jury; in short, all costs incurred on account of the special jury, which was taxed to him by the Clerk, under § 5841 (Shannon Code).   The Court below denied the motion and refused to retax the cost or relieve the plaintiff therefrom, and he has appealed to this Court and assigned this refusal of the trial Judge as error.

The Act of 1843–44, Ch. 134, Sec. 4, brought into the Code of 1858 as § 4029, and into the compilation of Milliken & Vertrees as § 4805, and into the Shannon Code as § 5841, provides: "On motion of either party in any civil action, a special jury may be ordered and summoned, if, in the opinion of the Court, it is proper, the additional cost to be taxed to the losing party."

The sole and only contention made in this Court

is, that so much of this Act as prescribes that the
"additional cost [of the special jury] shall be taxed
to the losing party," is unconstitutional. The ar-
gument is that it is in violation of Sec. 6, Art. 1,
of the Constitution of Tennessee, which provides that
"the right of trial by jury shall remain inviolate,"
etc. This is the language also of the Constitution
of 1796, Art. 11, Sec. 6, and of the Constitution
of 1834, Art. 1, Sec. 6. It is also claimed to be
violative of Art. 7 of the Amendments to the Con-
stitution of the United States, which provides: "In
suits at common law, when the value in controversy
shall exceed $20, the right of trial by jury shall be
preserved, and no fact tried by a jury shall be
otherwise re-examined in any Court, of the United
States than according to the rules of the common
law."

It will be noted that the provisions in both the
State and Federal Constitutions refer to a condition
then existing as to trial by jury. The provision of
the United States Constitution is that the right shall
be "preserved," and in the State Constitution that
it shall "remain" inviolate.

It has been held that the force of these expres-
sions is that the right of trial by jury shall re-
main "inviolate," or be "preserved," as it existed
at common law at the time of the adoption of the
Constitution. This right of trial as it existed at
common law has been declared to be the glory of
England, and the common law was no less zealous

to provide for the impartiality of the juror than to uphold the right to the jury in civil as well as criminal cases. 6 Am. & Eng. Enc. Law (2d Ed.), 991.

It is a cardinal principle in the common law, as well as under these constitutional provisions, that juries must be disinterested and impartial, as much so as the Judges who preside at the trial, and various statutory provisions are directed to this end and to the selection of only good and lawful men, and so environing them as to keep them free from any and all influences tending to render them interested or partial in the determination of any case.

The constitutionality of this particular Act and portion of the Act in controversy has never been brought in question in this State. The Act itself has been passed upon time and again, and construed and applied without any question being raised as to its constitutionality. Thus it has been held that the trial Judge had no power to appoint a special jury, upon his own motion, over the objection of a party, while the entire regular panel is in attendance and free from duty and exception. *McDaniel* v. *Railway Co.*, 4 Pickle, 542. It has also been held that, on motion of either party, though the other opposes it, the Court may, in its discretion, order a special jury to be summoned, and designate the names of the persons to be summoned, and the reason for summoning such special jury need not appear. *Clingan* v. *Railroad*, 2 Lea,

726; *McDaniel* v. *Railway*, 4 Pickle, 545; *Jackson* v. *Pool*, 7 Pickle, 452; *Hannum* v. *State*, 6 Pickle, 649; *Mayer* v. *Shepherd*, 3 Bax., 373. It has likewise been held that, under the statute, the entire costs of the special jury should be taxed to the losing party, though the regular panel be discharged, and not in attendance and not on pay; and this means, not only cost of summoning by the Sheriff, but the compensation of the jury. *Dunn* v. *N. & C. R. R. Co.*, 3 Bax. 415.

In none of these cases, however, was the constitutionality of the Act raised or considered. And this fact is insisted upon, both for and against the contention now made. On the one hand, it is said that, the question never having been raised, the mere fact that the Act has been passed upon and construed, and even enforced, cannot be conclusive as to its constitutionality, and, on the other hand, it is insisted that the fact that the question has not been made, and the Court has passed upon and enforced the Act, is conclusive that it is constitutional. It is not the province or practice of this Court to seek out constitutional defects in the Acts of the General Assembly. Indeed, all intendments are in favor of the laws as passed, and the Court will only pass upon their validity when it is raised and fully presented to the Court. *Henley* v. *State*, 14 Pickle, 682. The fact, therefore, that an Act has been construed and enforced and passed upon by this Court is not conclusive of its validity

and constitutionality, and this question may be raised at any time when the facts and pleadings justify its consideration.

The specific objection is to that portion of the Act which provides that "the losing party shall pay the additional costs of the special jury." There is no other special provision made for the payment of such jury, and the argument is that the compensation of the jury must, if the Act is enforced, depend entirely upon the result of the trial, and thus a strong inducement is held out to the jury to find against the party who is most able to pay the costs, and not against the one who may be unable to pay.

We think the principle involved in this case is the same as that considered in the case of *Neely* v. *State*, 4 Bax., 174. That was a case testing the constitutionality of Ch. 7, Acts of 1875, entitled, "An Act to tax the losing party with the jury fees in all cases in civil suits, and to repeal §§ 4036 and 4037 of the Code." By that Act the costs of the jury were directed to be taxed and collected as all other costs, provided the county should continue to pay, in the same manner then provided by law, the said fees on all suits *in forma pauperis*, and the third Section provided that the trial Judge should apportion the fees of the jurors in proportion to the time consumed in the trial of the same, provided the county should not be taxed with any part thereof. In speaking of the

practical working of that Act, this Court said: "If one of the parties to the suit is solvent, and the other insolvent, the jurors get no fees for their services unless they decide the case against the solvent party, except in cases where the plaintiff sues as a pauper, and then the county pays the fees of jurors as by the former law." The Court was of opinion that such a condition was calculated to influence and bias a jury in its deliberations, and it was said that "it is not necessary to assume that jurors so situated would ordinarily be influenced in their verdicts by the consideration of saving their fees. The question is, whether jurors subjected, by the terms of the law, to such temptation are the good and lawful men, free from bias and interest in the result, whom parties have a right to sit upon the trial of their causes."

Any interest which a juror may have, however inconsiderable, disqualifies him from sitting on a trial, both at common law and by statute. The reasoning of the Court in the Neely case is applicable and conclusive in this. The Court declared that act invalid because of this feature, and, as the legitimate effect, restored §§ 4036 and 4037 of the Code, which had been repealed by that act and which provided for payment of juries by the county. In the case of *Henley* v. *The State*, 14 Pickle, 702–704, stress was laid upon the fact that under the provisions of the Jarvis law, which denied witnesses' and officers' fees in certain criminal cases

altogether, and in others only when conviction was had, provision was left, as before, for the payment of jury costs by the county, and they were not dependent in any way on the result of the suit.

We are of opinion that so much of the Act as prescribes the manner in which the cost of the jury shall be taxed and collected is in violation of the constitutional and common law right to a trial by jury of impartial and disinterested men. This portion of the Act may, however, be eliminated, leaving still in the trial Judge the power, in proper cases and on proper motion, to appoint a special jury and designate them by name for summons.

The judgment of the lower Court is reversed, and the costs will be retaxed as herein indicated, so as to relieve the losing party therefrom.

The cost of this application to retax will be paid by the defendant, Wilson.