### DUVAL v. BATHRICK.
### No. 216.

District Court, D. Minnesota,
Fourth Division.

Feb. 26, 1940.

Charles H. Weyl, of St. Paul Minn., for plaintiff.

Thomas P. Welch, of Buffalo, Minn., for defendant.

SULLIVAN, District Judge.

The motion of the defendant is based upon the improper venue of this action. Section 53 of the Judicial Code, 28 U.S.C. A. § 114, provides: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides * * *."

In the construction of this and similar provisions relating to venue, the rule is well settled that such provisions governing the venue of actions confer a plersonal privilege upon the defendant which may be waived. Before the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the only manner in which the question of venue could be raised was by means of a special appearance for that purpose alone. Raising the question of venue coupled with anything going to the merits of the action was held to constitute a waiver of the objection to venue. Answering to the merits or failing to raise the question before default was similarly held to be a waiver. See Commercial Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252.

Under Rule 12(b) par. (3), Rules of Civil Procedure, the objection to venue may be raised by motion to dismiss, or under Rule 12(b), improper venue may be pleaded in the answer.

Defendant has moved the court for an order to transfer the case to its proper division. This motion the court is without power to grant. See Lavietes v. Ferro Stamping & Mfg. Co., D.C., 19 F.Supp. 561.

Since the defendant has not as yet answered herein, and the cause is not at issue, the motion of the plaintiff to consolidate for trial purposes this action with another action now pending in the fourth division of this court is prematurely made and cannot be considered by the court at this time.

Therefore, both motions must be and the same are hereby denied, with leave, however, granted to the defendant to move for a dismissal of this action upon the ground of improper venue, should the facts so warrant and he be so advised.