## WALSH & WELLS, Inc., v. CITY OF MEMPHIS.
### No. 44.

District Court, W. D. Tennessee, W. D.
April 6, 1940.

Paul Bakewell, of St. Louis, Mo., and B. J. Semmes, of Memphis, Tenn., for plaintiff.

William Gerber, City Atty., and John L. Exby and Jas. Pleasants, Jr., Asst. City Attys., all of Memphis, Tenn., for defendant City of Memphis.

MARTIN, District Judge.

The plaintiff, a Missouri corporation engaged in the general contracting business, filed on July 14, 1939, in the Western Division of this district court, a complaint against the City of Memphis, a municipality of Tennessee, to recover $272,989.14, with interest from January 31, 1939. The litigation arose out of the construction of section one of an intercepting sewer, the contract for which had been awarded the plaintiff on its competitive bid.

On August 4, 1939, the City of Memphis filed its answer denying liability, and a lengthy trial to a jury upon the issues joined ensued on December 11, 1939. The case was submitted to the jury January 18, 1940. After three days' deliberation, the jury reported in the late afternoon of January 22nd its inability to reach unanimous agreement; whereupon, the Court discharged the jury and declared a mistrial. The case was immediately set for retrial April 15, 1940, less than three months away, notwithstanding the fact that twenty-four days of long court ses-

sions had so recently been devoted to its original trial.

On March 20, 1940, attorneys for the plaintiff appeared in open court and made oral application for postponement of the retrial; and no good cause being found for delay, the motion was denied.

On March 28, 1940, plaintiff's attorneys filed two motions: (1) to transfer the next trial to the Eastern Division of the court to be held at Jackson, Tennessee, from the Western Division at Memphis, Tennessee; and (2) to cause the panel from which the jurors are to be selected to be summoned from the district exclusive of Shelby County (in which the City of Memphis is situated).

On the motion to transfer to the Eastern Division of this court, the applicable statute is found in U.S.C.A., Title 28, Section 119, the first paragraph of which reads as follows: "Any civil cause, at law or in equity, may, on written stipulation of the parties or of their attorneys of record signed and filed with the papers in the case, in vacation or in term, and on the written order of the judge signed and filed in the case in vacation or on order of the court duly entered of record in term, be transferred to the court of any other division of the same district, without regard to the residence of the defendants, for trial."

In the historical note appended to this code section by the editors of U.S.C.A., it is shown by quotation from the Committee on Revision of Judicial Code, 1911, that the purpose of this provision "is solely to facilitate the disposition of cases." The motion of the plaintiff in the instant case rests on no such basis. Indeed, the court is insisting on a speedy retrial, while the plaintiff has asked delay.

■ Furthermore, a compelling reason for denial of the motion appears in the express language of the statute. Consent of both parties is necessary to empower the district judge to transfer a civil cause from one division of the district to another of its divisions; and such mutual consent of the parties must be evidenced by written stipulation filed of record.

■ The plaintiff presents no such required stipulation. On the contrary, the defendant objects to the proposed procedure. Accordingly, the motion to trans-

fer this cause for trial in the Eastern Division of the district must be denied.

Plaintiff's motion, asking that a jury panel excluding citizens of Shelby County be summoned, charges that a jury composed in part of residents of Memphis and Shelby County "cannot render an impartial verdict" because of "pride in the administration of the affairs of said City and County" on the part of jurors in Shelby County, and because of their "interest in the result of said cause, either as taxpayers of the city, or as citizens of the city or citizens of the county", the amount involved being a large sum of money and the claim arising from "erroneous information furnished by the officers and agents of the said City of Memphis or from the failure of said officers and agents to give full information."

The motion further avers "that since the first trial of this cause, at which the jury failed to agree, counsel for defendant has stated that the plaintiff could never get a jury in Shelby County to render a verdict against the City of Memphis." In its answer, the "defendant denies that defendant's counsel made any remark with the implication sought to be alleged or drawn."

With respect to the apportionment of jurors, Congress has provided: "Jurors shall be returned from such parts of the district, from time to time, as the court shall direct, so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district with such service." U.S.C.A., Title 28, Sec. 413.

Counsel for plaintiff urge that, pursuant to the power vested by the above-quoted statute, this court should exercise its discretion to exclude from the jury panel residents of the county, in which the defendant municipality is located. They stress as authority for their position, Walker v. United States, 8 Cir., 1938, 93 F.2d 383, one of the notorious Kansas City election fraud criminal cases in which it was held that the exclusion of residents and citizens of the county in which the crimes were committed in selecting the petit jury panel, because of the great publicity and discussion in Kansas City and Jackson County concerning election fraud cases and because the

defendants were residents of the county, was discretionary with the district court.

Three other Eighth Circuit Court of Appeals decisions are also cited by counsel: Jarl v. United States, 8 Cir., 19 F.2d 891; Myers v. United States, 8 Cir., 15 F.2d 977, 979; Spencer v. United States, 8 Cir., 169 F. 562, 564. These were all criminal cases in which the action of district courts in excluding jurors from certain counties of the venue district was upheld. These decisions go only so far as to hold that such exclusion rests within the sound discretion of the district judge.

There has always been a differentiation between civil and criminal procedure with respect to jury selection. For example, Congress has provided a limit of three peremptory challenges allowable to each party to a civil action, while ten such challenges may be exercised by the defendant and six by the government in a felony case.

Counsel for plaintiff emphasize dicta of the Supreme Court of Tennessee in an opinion retaxing costs in a slander suit, in which the judge who wrote the opinion said: "Any interest which a juror may have, however inconsiderable, disqualifies him from sitting on a trial, both at common law and by statute." It is clear from the context that the "interest" thus defined referred to the contingent fees of jurors dependent upon their verdict. Gribble v. Wilson, 101 Tenn. 612, 618, 49 S.W. 736, 737.

On the point directly raised by the motion of the plaintiff's attorneys, the holding of the Supreme Court of Tennessee is distinctly against their contention. In Jackson v. Pool, 91 Tenn. 448, 452, 19 S.W. 324, 325, the state court said: "The suit is against the corporation, and not against the citizens of the corporation, and, in the absence of some individual interest, we hold that the fact that a person is a resident or taxpayer of a municipal corporation does not render him incompetent as a juror in a suit by or against the corporation. If they are incompetent as jurors, so would a recorder of a town or city be incompetent to try a corporation case, and so would a judge be incompetent to hear and determine a case in which the city of his residence was a party."

The judge in the instant case is a native born resident of Shelby County. This

very fact would assure most delicate and meticulous care upon his part in adjudicating the claims of non-resident suitors against the city in which he resides. The judge should impute to himself no higher motives, no nicer sense of justice, than he accords his fellow citizens called by due process of law to sit as jurors in his court.

At the former extended trial, not the slightest evidence of bias or prejudice in the jury box appeared, nor was there even a suggestion of the existence of any partiality in the minds of the jurors. The case was vigorously fought by competent advocates throughout many weeks; the charge of the court adopted the theory of the plaintiff on the main contest as to applicable law; sharp issues of fact on conflicting testimony were presented to the jury for decision; and the jury, after hearing the court's charge re-read and after deliberating three days, were unable to agree upon a verdict. The attitude of the jury was obviously fair and impartial in the trial of a case in which, upon disputed testimony, the minds of reasonable men might well differ.

In strict conformity with Title 28, Section 412, U.S.C.A., the jury panel for the current term in the Western Division of this court has been publicly drawn by the Jury Commissioner and the Clerk of the Court in open court session, from a box containing the names of not less than three hundred persons, possessing the qualifications for jurors prescribed by law, whose names were placed in the jury box alternately by the Clerk and the Jury Commissioner appointed by the Judge. The Jury Commissioner, as required by the statute, is a resident citizen of good standing in the district and is a well known member of the Republican Party, the Clerk being a Democrat. The jury panel as drawn comprises a fair representation of the six counties of the Western Division, including, properly, jurors from Shelby County.

Despite its pecuniary importance and the time consumed in its trial, this case has caused no widespread discussion or comment. It received only meagre newspaper publicity and in public interest was obviously a mill-run lawsuit. It produced not even a ripple of public excitement.

There is no logical ground for assumption that another trial will draw greater public interest. The new jury will doubtless sit in the same calm atmosphere of public indifference as did the former triers of fact.

No basis whatever is found for a suspicion that a fair and impartial jury cannot be selected for the re-trial of this cause from the regular jury panel, drawn in rigid adherence to due process of law.

Accordingly, the motion of the plaintiff to draw a jury panel from this district, exclusive of Shelby County, is overruled.