## BILLINGS UTILITY CO. v. FEDERAL RESERVE BANK OF MINNEAPOLIS.

### No. 223.

District Court, D. Montana.

Aug. 16, 1941.

310

H. L. Myers, of Billings, Mont., for plaintiff.

Coleman, Jameson & Lamey, of Billings, Mont., and Sigurd Ueland, of Minneapolis, Minn., for defendant.

PRAY, District Judge.

The above entitled action is before the court on a motion of the defendant, consisting of four paragraphs, the first of which is to dismiss on the ground that the complaint fails to state a claim against the defendant upon which relief can be granted; the second to dismiss for the reason that the action is brought in the wrong district, the defendant being a corporation incorporated under the laws of the United States with its main banking offices in the State of Minnesota, of which state the defendant is an inhabitant. The plaintiff asserts it is not seeking recovery under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, so that any intimation in that regard that might be gathered from the complaint need not be considered.

Briefly stated, this is an action for damages for refusal of defendant to make plaintiff a loan of $35,000 needed as additional working capital for expansion and enlargement of its heating plant situated in the city of Billings, State of Montana.

From the complaint it appears to be the position of plaintiff that upon a proper application and showing the defendant bank, under section 13b of the Federal Reserve Act, 12 U.S.C.A. § 352a, was required to make the loan applied for. The words "may make loans" as set forth in Section 13b are held by plaintiff to admit of no discretion on the part of defendant bank, and must be considered as mandatory. The court has examined many authorities on the interpretation of the word "may" as used in statutes, and when it should be given the meaning of "must"; likewise the other uses of "may" and "must" appearing throughout the statute in question, and the context, and is of the opinion that the words quoted above, towit, "may make loans," are to be interpreted in the permissive sense, and that whether an application for loan shall be approved rests in the sound discretion of the defendant bank. A plain reading of the statute itself would seem to indicate the meaning to be given the words quoted, and from which it may reasonably be inferred that no positive duty rested upon the bank to make such loan. Attention is also called to the provision for approval of applications for loans by the "Industrial Advisory Committee" and the fact that the complaint does not show such approval; counsel claims that the loan in question was disapproved by this Committee. In such circumstances, and in view of the language of the act above mentioned, it would seem to be rather futile to hold that "may" should be read as "must" when the acceptance or rejection of the loan did not rest entirely with the defendant bank but was subject to the approval or disapproval of the Advisory Committee, created by the same act of Congress which authorized the loaning of money, as provided therein.

The next question raised is that of Venue under Section 51 of the Judicial Code, Title 28, § 112, U.S.C.A. Counsel aver that the sole test whether this action is brought in the right district is provided by this Section. In American Bank & Trust Co. v. Federal Reserve Bank, 256 U.S. 350, 41 S.Ct. 499, 65 L.Ed. 983, 25 A.L.R. 971, it is held that for jurisdictional purposes such bank is not a citizen of any state. That such bank may be an inhabitant of only one district, where it maintains its principal office or place of business, seems to be settled beyond doubt. Seaboard Rice M. Co. v. Chicago, R. I. & Pac. Ry. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633; In re Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558. So that the contention, under Section 51, Judicial Code, that defendant is an inhabitant only of the District of Minnesota, and can not be sued in an-

other district without its consent, appears to be fully sustained by Bacon v. Federal Reserve Bank of San Francisco, D.C., 289 F. 513.

The suggestion that to save dismissal a transfer of the case to the United States District Court for the District of Minnesota should be made, is unsupported by any statute or authority, and the court knows of none authorizing such a proceeding.

Wherefore, being duly advised, and good cause appearing therefor, in the opinion of the court, the motion to dismiss the action should be sustained on the first two grounds set forth, and it is so ordered.