### UNITED STATES v. 74 CASES, EACH CONTAINING 48 CANS OF C. C. BRAND OYSTERS.

#### No. 10373.

District Court, W. D. South Carolina.

June 29, 1944.

Oscar H. Doyle, U. S. Atty., of Greenville, S. C., for the United States.

Mann & Arnold, of Greenville, S. C., for C C Co., intervening claimant.

WYCHE, District Judge.

The above libel proceeding is based upon the charge of adulteration of oysters, and is now before me upon the motion of C C Company, intervening claimant, to transfer the cause from this district to the Southern District of Mississippi, where claimant's principal place of business is located.

Section 304(a) and (b) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a) and (b), sets forth the authority conferred upon district courts to proceed upon or to transfer seizure actions from one district to another.[1]

The pertinent portion of section 304(a) deals exclusively with the removal of libels for condemnation based upon the charge of misbranding. It authorizes removal,

[1] "(a) Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce, or which may not, under the provisions of section 344 or 355, be introduced into interstate commerce, *shall be liable to be proceeded against* while in interstate commerce, or at any time thereafter, on libel of information and condemned *in any district court of the United States within the jurisdiction of which the article is found:* Provided, however, That no libel for condemnation shall be instituted under this chapter, for any alleged misbranding if there is pending in any court a libel for condemnation proceeding under this chapter based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending, except that such limitations shall not apply (1) when such misbranding has been the basis of a prior judgment in favor of the United States, in a criminal, injunction, or libel for condemnation proceeding under this chapter, or (2) when the Administrator has probable cause to believe from facts found, without hearing, by him or any officer or employee of the Agency that the misbranded article is dangerous to health, or that the labeling of the misbranded article is fraudulent, or would be in a material respect misleading to the injury or damage of the purchaser or consumer. *In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties,* or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial.

"(b) The article shall be liable to seizure by process pursuant to the libel, and the procedure in cases under this section shall conform, as nearly as may be, to the pro-

with two specified types of exceptions, of a single libel for condemnation where the charge is misbranding.[2]

The pertinent portion of section 304(b) deals exclusively with the consolidation and removal of multiple libels pending in two or more jurisdictions and involving the same claimant and the same issues of adulteration or misbranding.[3]

It will be seen, therefore, that the Act has expressly conferred upon the district courts the authority to consolidate and/or transfer three types of libel proceedings, (1) a single libel based upon a misbranding charge (with some exceptions); (2) multiple libels based upon a misbranding charge; (3) multiple libels based upon an adulteration charge. The Act is silent with respect to the authority of a district court to transfer a single libel based upon an adulteration charge, and such is the nature of the libel involved in this motion.

Section 304(b) of the Act requires that the procedure in cases arising under this section "conform, as nearly as may be, to the procedure in admiralty." In Re Thames Towboat Co., D.C.D.Conn., 1927, 21 F.2d 573, a motion was made by one of the parties to remove an admiralty case

---

cedure in admiralty; except that on demand of either party any issue of fact joined in any such case shall be tried by jury. *When libel for condemnation proceedings under this section, involving the same claimant and the same issues of adulteration or misbranding, are pending in two or more jurisdictions, such pending proceedings, upon application of the claimant seasonably made to the court of one such jurisdiction, shall be consolidated for trial by order of such court, and tried in (1) any district selected by the claimant where one of such proceedings is pending; or (2) a district agreed upon by stipulation between the parties.* If no order for consolidation is so made within a reasonable time, the claimant may apply to the court of one such jurisdiction, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, in which all such pending proceedings shall be consolidated for trial and tried. Such order of consolidation shall not apply so as to require the removal of any case the date for trial of which has been fixed. The court granting such order shall give prompt notification thereof to the other courts having jurisdiction of the cases covered thereby." (Emphasis added) 21 U.S.C.A. § 334(a) (b).

[2] See the final Congressional Conference Report on the Act, House Rep. No. 2716, 75th Cong., 3d Sess., Statement of the Managers on the Part of the House, page 22:

"*Change of venue when only one libel permitted.*—Under the House amendment *where the number of libels for misbranding is limited to one proceeding,* such proceeding shall on application of the claimant seasonably made be removed for trial to a district in a State contiguous to the State of the claimant's principal place of business; such district to be stipulated between the parties, or, if they cannot agree, to be designated by the court to which the application is made. Under the conference agreement the change of venue is to any district agreed upon by the parties, or, if they cannot agree within a reasonable time, the court within which the libel is pending (after reasonable notice and opportunity for hearing to the United States attorney) shall by order, unless good cause to the contrary is shown, provide for the removal of the case to a district of reasonable proximity to the claimant's principal place of business." (Emphasis added)

[3] The final Conference Report on the Act, page 23, is as follows:

"*Consolidation of multiple libels.*—Under the House amendment *when libel proceedings involving the same claimant and the same issues of adulteration or misbranding are pending in two or more district courts,* such proceedings upon application of the claimant to one of such courts may be consolidated for trial by order of such court and tried in any district, selected by the claimant, where one of the proceedings is pending, or, if not so selected, in a district contiguous to the State of the claimant's principal place of business, to be agreed upon between the parties, or, if they cannot agree, to be designated by the court to which the application is made. The conference agreement requires the consolidation to be in a district selected by the claimant where one of the proceedings is pending or in a district agreed upon between the parties, and further provides that if not selected in one of these manners, the court to which the application is made (after reasonable notice and opportunity for hearing to the United States attorney) shall by order, unless good cause to the contrary is shown, order the consolidation to be made in a district of reasonable proximity to the claimant's principal place of business." (Emphasis added)

from the District of Connecticut to the Eastern District of New York. The Court denied this motion and said, " * * * there are no such proceedings in admiralty as motions * * * to remove from one district to another."

In the absence of express statutory authority a district court does not have the authority to transfer a case to another district court for trial. See, Billings Utility Co. v. Federal Reserve Bank, D.C. D.Montana, 1941, 40 F.Supp. 309; Spies v. Chicago E. E. I. R. Co., C.C.S.D.N.Y., 1887, 32 F. 713; In re Associated Gas & Electric Co., 2 Cir., 1936, 83 F.2d 734. United States District Courts have no jurisdiction beyond that granted by Congress. Applegate v. Applegate, D.C., 39 F.Supp. 887.

In the Federal Food, Drug, and Cosmetic Act Congress has empowered the district courts to remove designated types of libel proceedings to other districts for trial. The present libel proceeding is not among those therein designated as removable. I know of no other statute that authorizes its transfer to another district for trial, and none has been called to my attention.

For the foregoing reasons, the motion to transfer the above cause is denied.