JUAN GARCÍA ROCA ET AL., Plaintiffs and Appellees, *v.* CENTRAL ALIANZA, Defendant and Appellant.

No. 9089. Argued March 12, 1945.—Decided June 15, 1945.

*Eduardo Pérez Casalduc* for appellant. *Rafael B. Pérez Mercado* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This appeal was taken from an order denying a change of venue. The order appealed from was based on the fact that the defendant did not attach an affidavit of merits to his motion for a change of venue.

The motion was predicated on the ground that the defendant, according to the averments of the complaint, is a corporation domiciled in the district of Arecibo and that the action involved is one of revendication of real property situated within said district, for which a change of venue was sought.

Appellee contends that the affidavit of merits should have been filed and that Rule 12(*b*) of Civil Procedure has not repealed the Sections of the Code of Civil Procedure relative to changes of venue.

Pursuant to Rule 12(b), the defenses enumerated therein, among which is improper venue, may be made by motion to dismiss the complaint, *Onna* v. *The Texas Co.,* 64 P.R.R. 497 (1945), or by raising the question of venue in the answer. If the motion is sustained the only relief which may be granted is the dismissal of the complaint because of improper venue, without prejudice to the filing of a new complaint in the proper court. 3 Fed. Rules Serv. 674, 675. Said rule is not in conflict with §§ 75 to 85 inclusive, of the Code of Civil Procedure, which refer to the place of trial in civil actions. That rule and the Sections of the Code are consistent. When the defendant files a motion for dismissal of the complaint on the ground of improper venue without seeking at the same time a change of venue, the applicable law is Rule 12(b) in pursuance of which the court where the complaint was filed has no other alternative, if the motion is granted, than to dismiss the complaint without prejudice to the filing of a new action in the proper court. *Duval* v. *Bathrick,* 3 Fed. Rules Serv. 12 b 23, Case 2; 31 F. Supp. 510.

But where, as in the present case, the defendant seeks the change of venue, the Code of Civil Procedure governs as if Rule 12(b) did not exist, for then a different situation arises. The Rule of Civil Procedure being consistent with the Sections of the Code, we shall pass to determine whether the motion for a change of venue filed by the defendant in this case, should be dismissed because an affidavit of merits was not filed therewith.

As we have already seen, the motion for a change of venue is predicated on defendant's domicile as well as on the nature of the action. From the face of the complaint it appears that defendant's domicile is within the Judicial District of Arecibo, and that the properties claimed are located within that district. In so far as the proof of these two particulars is concerned—, defendant's domicile and the place of location of the properties—, the affidavit of merits

is superfluous inasmuch as plaintiff himself alleges them in the complaint.

■■ With regard to the question of whether or not the defendant has a good defense, it has been held that where a change of venue is requested by reason of defendant's domicile or revendication of real property located in the district to which the case is sought to be transferred, defendant's right to said change of venue is absolute. *Usera* v. *Luce & Co.*, 58 P.R.R. 291 (1941); *Silva* v. *Heirs of Báez*, 34 P.R.R. 711 (1925); *Font* v. *Castro et al.*, 33 P.R.R. 746 (1924). If the right is absolute, the court has no discretion to deny it and, consequently, the affidavit of merits is unnecessary

It is true that § 82 of the Code of Civil Procedure makes no distinction among the various grounds for a change of venue when requiring the affidavit of merits. But since in the present case the filing of this affidavit serves no useful purpose, inasmuch as from the face of the complaint there appears the incompetency of the court to take cognizance of the case and the absolute right of the defendant to the change of venue, we must conclude that the Legislative Assembly never intended to require said affidavit in cases like the present one, for we should not presume that it requires futile things.

Since the filing of the affidavit of merits is unnecessary under the circumstances of this case, the lower court erred in denying the change of venue for lack of such affidavit. The order denying the change of venue must be reversed, the motion granted, and the case remanded to the lower court in order that the record be sent to the District Court of Arecibo.