**BROWN v. HEINEN et al.**
Civil Action No. 437.

District Court, D. Minnesota, Third Division.

July 6, 1945.

Harriet McKinley Brown, of Milwaukee, Wis., pro se.

Kelly & Le Vander, of South St. Paul, Minn., for defendant National Surety Corporation.

NORDBYE, District Judge.

Plaintiff, a resident of Wisconsin, commenced an action in the United States District Court for the Western District of Wisconsin against the named defendants because one of the defendants, Joseph J. Heinen, sheriff of Dakota County, Minnesota, allegedly detains from her, after proper demand by her, certain personalty to which she claims absolute title and the right to possession. She claims damages because of the detention of part of the personalty and as to the remainder she seeks damages or, in the alternative, the personalty itself. The National Surety Corporation was surety on the sheriff's bond which Heinen furnished pursuant to Minnesota statute, but the relation of Elizabeth Schutt and the Schutt Realty Company to the action is not stated in the complaint. Service in Wisconsin was made on the National Surety Corporation. No service has apparently been made on the other defendants.

On November 22, 1941, defendant National Surety Corporation moved the Wisconsin court to transfer the· case to this Court, and on January 15, 1942, such an order was made. Various delays have occurred, and the case has now come before this Court on the motion of the plaintiff, appearing specially, to remand to the Wisconsin court. But on June 18, 1945, plaintiff, appearing pro se, informed the Court that she wished to dismiss this motion

without prejudice because her attorney could not be present to argue it. Messrs. Kelly and Le Vander, of South St. Paul, Minnesota, appeared in behalf of the defendant National Surety Corporation.

■ Presumably, the plaintiff is entitled to dismiss her motion if she desires, but the question of this Court's jurisdiction over the case arises and for the first time has been called to its attention. Obviously, if this Court lacks jurisdiction over the proceedings, it cannot proceed to try the case on the merits or otherwise, even if the motion to remand is dismissed. The Court is required to raise the jurisdictional question of its own motion if the parties do not.

There seems no doubt that, if this case had been brought originally in this Court, this Court would possess jurisdiction over it. Diversity of citizenship between the plaintiff and all defendants confers jurisdiction upon this Court, 28 U.S.C.A. § 41 (1), and that diversity and the necessary statutory amount in controversy exist here. Moreover, since all the defendants are residents of this State or subject to service here and are not objecting to being sued here, the action might properly be laid in this District as an original action. 28 U.S.C.A. § 112. But the case is not here by virtue of this Court's original jurisdiction in the sense that the case was originally begun here. The case was transferred to this District from another District by order of the court of that other District. Therefore, the question is, can the order of the United States District Court for the Western District of Wisconsin confer jurisdiction on this Court? No pleadings or other papers pertaining to the case are here except in conformance to that order. The plaintiff has not consented to the transfer. So if this Court cannot base its jurisdiction upon the Wisconsin court's order, it is without power to act further in this case.

■ The jurisdiction of the United States District Court for the District of Wisconsin, like that of all other United States District Courts, depends strictly upon statute. If Congress does not confer the power, the court does not possess it. 36 C.J.S., Federal Courts, § 308, p. 512. This Court is not aware of any statute which provides for the transfer of a case from one District to a District in another State under the circumstances herein.

Consequently, there seems little doubt that, as many courts have held, the United States District Courts do not possess either the power or the right to order a transfer of the case from one District to a District in another State. United States v. 74 Cases, etc., D.C.S.C., 1944, 55 F. Supp. 745; Billings Utility Co. v. Federal Reserve Bank, D.C.Mont., 1941, 40 F. Supp. 309; Spies v. Chicago & E. I. R. Co., C.C.N.Y., 1887, 32 F. 713; see, also, In re Assoc. Gas & Elec. Co., 2 Cir., 1936, 83 F.2d 734; compare Duval v. Bathrick, D.C.Minn., 1940, 31 F.Supp. 510, at 511; Walsh & Wells, Inc., v. City of Memphis, D.C.Tenn., 1940, 32 F.Supp. 448, at 449; and Lavietes v. Ferro Stamping & Mfg. Co., D.C.Mich., 1937, 19 F.Supp. 561, at page 563, which hold that a United States District Court cannot order a change of venue from one division to another division in the same District unless a statute authorizes such action. They recognize a lack of power. Contra: Sanders v. Royal Ind. Co., D.C. La., 1929, 33 F.2d 512. The proposition is stated concisely in United States v. 74 Cases, etc., supra. The court said (page 747 of 55 F.Supp.):

"In the absence of express statutory authority a district court does not have the authority to transfer a case to another district court for trial."

■ In view of these premises, therefore, it seems clear that the United States District Court for the Western District of Wisconsin did not possess the power to transfer the case to this Court, and such an order, therefore, is void. Obviously, this Court cannot base its jurisdiction upon a void order. Since the order in question is the only basis upon which this Court can predicate its jurisdiction, it is without power to act further in this case. No pleading, no statute, and no consent of the litigants upon which jurisdiction might be founded seems to exist. The case is here solely by virtue of the Wisconsin court's invalid order. The situation is not like an erroneous change of venue under an ordinary change of venue statute, for such a situation assumes the transferring court's power to make the order for change, and it therefore would not necessarily raise the question of this Court's jurisdiction to act.

■ With matters in this state, the question arises: What disposition should be made of the case? In 67 C.J., Venue,

§ 358, p. 215, the general rule is stated as follows:

"Where there is an order for a change of venue in a case not authorized by law, the court to which the transfer is ordered may direct the case to be retransferred, * * *."

In footnote 5 to this section are several cases in which the transferring court was considered to lack power to transfer the case, and these cases indicate that a remanding was the better procedure. Certainly, this procedure seems more desirable here than a dismissal. For the case is here by virtue of defendant's motion in the Wisconsin court. To dismiss it now and require plaintiff to start it again might punish plaintiff for a situation for which one of the defendants is responsible and probably would subject her to the defense of the statute of limitations, at least as against the sheriff and his surety. The statute as to them is three years. Thus, by this erroneous procedure defendants might gain an unfair advantage and defeat plaintiff's cause of action without any real determination of it on the merits or otherwise. The defendant surety corporation has raised no question as to this Court's right to remand the case, rather than dismiss, if it finds that it lacks jurisdiction to proceed further with the case. The cases cited by counsel for the defendant surety corporation at the hearing only go to this Court's power to try the action if it were commenced in this District originally. Those cited were Brower v. Watson, 1922, 146 Tenn. 626, 244 S.W. 362; 26 A.L.R. 991; Elk Garden Co. v. T. W. Thayer Co., C.C.Va., 1910, 179 F. 556; Kentucky Coal Lands Co. v. Mineral Development Co., 6 Cir., 1914, 219 F. 45. They deal with the question principally whether the action is of such a local nature that it may be tried here. Certainly, the power to remand would seem incident to the Court's power to determine whether it possesses jurisdiction over the case.

In view of these premises, therefore, it seems reasonable to conclude that this Court lacks the power to consider this case further, and that a remanding to the United States District Court for the Western District of Wisconsin is proper. It is so ordered.

An exception is reserved to the defendants.