PETITION OF CARTER, SHERIFF OF GREENE COUNTY.

*(Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

MILLIGAN & HAYNES and B. B. FRAKER, Greeneville, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal involves the right of the Sheriff of Greene County to sell certain intoxicating liquors in his possession pursuant to Chapter 127 of the Public Acts of 1947. On April 17, 1947, police officers of the City of Greeneville captured 604 pints of Fleischmann's blended whisky and 32 fifths of Seagram's 7 Crown whisky upon which Federal Tax had been paid. The whisky was later delivered by these officers to the Sheriff of Greene County, as required by law, who executed a receipt there-

for showing the kind and quantity of whisky so delivered and received and the name of the person from whom it was seized. On June 10, 1948, at a regular term of the Circuit Court of Greene County the Sheriff petitioned the court, showing in his petition all intoxicating liquors in his hands as required by Code Section 11230, including the whisky above mentioned, and praying for an order of court authorizing the sale of liquors in accordance with the provisions of Chapter 127 of the Public Acts of 1947.

The trial court denied the petition, holding "that said Act is unconstitutional in the following particulars:

"1. Because it is in conflict with and inconsistent with the dry laws of the State of Tennessee and particularly is this true since Greene County is a dry county.

"2. Because it would work a wrong and hold the Court and the officers called upon to carry out the orders of the Court up to public ridicule and shame in that it places the Court and Sheriff of the County involved in the repugnant and detestable position of, in one proceeding, trying, convicting, and punishing a party for having the same liquor which, in a later proceeding, the same Court orders the same Sheriff to possess, transport, and sell the same liquor and appropriate the money realized therefrom to county or city purposes.

"3. Because said act takes and appropriates said property without due process of law. It provides for the appropriation of said property without giving the owner of the property his day in court.

"4. Because it singles out for sale only intoxicating whisky bearing 'Federal Stamps'."

The first assignment of error is as follows: "The Court erred in raising, on his own motion, and considering and

passing upon the constitutionality of Chapter 127 of the Public Acts of Tennessee for 1947, no such issue having been raised by any party in interest.''

Other assignments of error are argumentative of the appellant's contention that the Act is constitutional and that the trial court committed error in refusing to comply with its provisions.

While the first assignment is not without merit we think it is subordinate to the all important question made on this appeal, that is, the constitutionality of the Act of 1947. We therefore pretermit it for the reason that it is not determinative of the ultimate rights of the appellant.

The Act which the learned trial judge has declared invalid amends Sections 11232 and 11233 of the official Code and provides for the sale of intoxicating liquors bearing a Federal Tax Stamp which have been seized in dry territory by officers of the law. All such sales are made pursuant to ''an order upon the minutes [of the court] directing the Sheriff to dispose of such liquors by sale to any lawful retailer of liquor in counties wherein the sale of liquor has been legalized'' etc. ''The court ordering the sale is authorized and empowered to prescribe the manner of receiving bids and the delivery of the liquor to the lawful purchaser, who shall be required to affix state liquor stamps thereon.'' We deem it unnecessary to quote further provisions which provide for the proper allocation of all funds derived from the sales so authorized, payment of costs and expenses incident thereto.

There is nothing in our constitution placing any limitation upon the Legislature in the enactment of laws to prohibit or regulate the sale, possession, and trans-

portation of intoxicating liquors. In a comparatively recent case, *McCanless, Com'r,* v. *Klein,* 182 Tenn. 631, 638, 188 S. W. (2d) 745, 748, Mr. Justice Chambliss said: "It is difficult to conceive of a regulation of the sale and distribution of intoxicating liquor which could be said to be beyond the police powers of the State. Since the power of the State to prohibit such sales altogether is beyond question, no provision for its regulation is beyond the state's power." The Assistant Attorney General has very properly pointed out on his brief that "it is solely a matter for the Legislature to determine whether certain contraband liquors shall be destroyed or disposed of by sale." These statutes are strictly police measures. "It is not the province or practice of this court to seek out constitutional defects in the acts of the general assembly. Indeed, all intendments are in favor of the laws as passed, and the court will only pass upon their validity when it is raised and fully presented to the court." *Gribble* v. *Wilson,* 101 Tenn. 612, 616, 49 S. W. 736, 737. Furthermore we are not concerned in determining the constitutionality of an Act "whether it was dictated by a wise or a foolish policy, or whether it will ultimately redound to the public good, or whether it is contrary to natural justice and equity. These are considerations solely for the Legislature." *Motlow* v. *State,* 125 Tenn. 547, 589, 145 S. W. 177, 188, L. R. A. 1916F, 177.

The language of the trial judge in holding the Act of 1947 invalid indicates a strong disapproval of its provisions that is that "it is in conflict with and inconsistent with the dry laws of the State" etc. Continuing he says, "Because it would work a wrong and hold the Court and the officers called upon to carry out the orders of the Court up to public ridicule and shame" etc. We hold

that such reasons, however honestly entertained, furnish no legal justification for declaring the Act unconstitutional. Moreover, the trial court had the mistaken view that the whisky to be sold by the Sheriff was to be made publicly and in an unlawful manner. The Act clearly authorizes the sale to be made *"to any lawful retailer of liquor in counties wherein the sale of liquor has been legalized."*. (Italics ours.) This provision of the Act relieves the court and officers of the law of any public shame of disposing of the whisky since it is not to take place in Greene County or any other dry county or to any person who has no lawful right to possess it.

■■ There is no merit in the contention of the trial judge that the Act is unconstitutional in that "it appropriates property without due process of law and without giving the owner of the property his day in Court." There was no one in court claiming ownership of the whisky and time had long since passed when anyone could assert ownership as provided by Code Section 11231. This Section of the Code provides for due process, and the court will not declare an Act invalid upon its own motion because of a supposed denial of due process where the owner is given an opportunity and fails and refuses to avail himself of such process.

■ The final reason assigned by the trial judge is that the Act in question is discriminatory and "singles out for sale only intoxicating whisky bearing 'Federal Stamps'." The discrimination thus complained of is wholly without merit in the light of our holding in *Casone v. State*, 176 Tenn. 279, 140 S. W. (2d) 1081. It is not such an unreasonable discrimination as to wholly invalidate a strictly police statute. Moreover, it is not within the province of the court to raise the question where the

sale is required by law, and when, as held in the *Casone case,* the Legislature was without power to authorize the sale of intoxicating liquors *upon which the Federal Tax had not been paid.*

We find the Act in question to be in all respects constitutional.

The assignments of error are sustained. The case is reversed and remanded with directions that the trial court order a sale of the whisky as required by law. The costs incident to this proceeding, including reasonable attorney's fees, will be paid out of the proceeds of said sale and the remainder allocated as the statute provides.

All concur.