MARINA GONZÁLEZ ET AL., Plaintiffs and Appellees, *v.* AMERICAN SURETY COMPANY OF NEW YORK ET AL., Defendants and Appellants.

No. 10161. Argued May 1, 1950.—Decided May 4, 1950.

*Faustino R. Aponte* for appellants. *Bolívar Pagán* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

On June 8, 1949 a complaint for damages was filed in the District Court of San Juan. It was alleged therein that the accident which caused the damages occurred in the insular highway which leads from Humacao to the Playa of Humacao. On June 17, 1949 the defendants filed a motion to dismiss the complaint under Rule 12 (*b*) (3) of Civil Procedure, that is, alleging improper venue. On June 20, 1949 the plaintiffs filed a motion to transfer the case to the District Court of Humacao, this being the court with venue to hear and decide the case. On June 22 the defendants filed a motion opposing the change of venue and calling the attention of the court to their motion to dismiss. On June 27, 1949 the motion for a change of venue filed by the plaintiffs was heard and the lower court dismissed it in open court. However, it was not until *October 18, 1949* that the clerk of the court filed with the record a copy of the notice of said order. On *October 25, 1949* the plaintiffs filed a motion for a reconsideration of the order rendered on June 27 but not served until October 18. The court set November 4 for a hearing, but prior thereto, on October 31, the defendants filed a motion opposing the reconsideration sought by the plaintiffs on the ground that it was filed after the expiration of the five-day period allowed by § 292 of the Code of Civil Procedure as amended by Act No. 67 of May 8, 1937.[1]

---

[1] Section 292 insofar as pertinent provides:

"Section 292.—A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, *or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered,* file in the court where the judgment or resolution was rendered, an *ex-parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based . . . " (Italics ours.)

On November 22, 1949 the lower court, after hearing the parties on November 4, issued an order granting plaintiffs' motion for reconsideration and ordered the transfer of the case to the District Court of Humacao. The court relied on § 83 of the Code of Civil Procedure and on Rules 60 and 61 of Civil Procedure.

Dissatisfied with this order, the defendants appealed [2] and assign three errors, the first of which is sufficient, in our opinion, to reverse the order appealed from since it alleges that the lower court erred in reconsidering its order denying the change of venue after the five-day period allowed by § 292, *supra*, had expired and hence that it acted without jurisdiction.

Section 83 of the Code of Civil Procedure [3] cited by the lower court in its order has nothing to do with the question raised by the defendants in their opposition to the reconsideration sought by the plaintiffs after the five days provided by § 292 *supra* had elapsed. This Section rather specifies the cases when the court may change the place of trial. We cannot consider whether the plaintiffs may seek the transfer of a suit filed in a court with wrong venue to take cognizance thereof, since there is a question of jurisdiction involved.

---

[2] They also filed certiorari No. 1832 and we issued the writ but the present appeal was perfected prior thereto. Having disposed of the present case we shall order the dismissal of the certiorari.

[3] Section 83 provides:

"The court may, on motion, change the place of trial in the following cases:

"1. When the district designated in the complaint is not the proper district.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When from any cause the judge is disqualified from acting."

Likewise Rules 60 and 61 of Civil Procedure [4] cited by the lower court in its order have no bearing on. the facts in the present case. Rule 60 under subdivision (*a*) refers to the correction of clerical errors in judgments, orders or other parts of the record and subdivision (*b*) is a substantial copy of § 473 of the California Code of Civil Procedure equivalent to § 140 of our Code, *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289, 297; *Great Am. Ins. Co.* v. *District Court*, 67 P.R.R. 529, and refers to those cases which by mistake, inadvertence, surprise or excusable negligence of a party the court may relieve him from a judgment, order or procedure entered against him. As to Rule 61, *supra*, it contemplates harmless errors which do not justify the granting of a new trial or vacating or 'modifying a judgment or order unless refusal to do so appears to be inconsistent with substantial justice.

We do not see the relevancy or bearing of Rules 60 and 61 on the instant case, that is, whether the court could take cognizance of the motion for reconsideration after the five-day period provided by § 292, *supra*, had elapsed. The appellees argue that said Section has been substituted by Rules 60 and 61, *supra*. There is no such substitution. In *Guithon & Barthelemy* v. *District Court*, *supra*, p. 296, we held that § 292, as amended by Act No. 67 of 1937, provides for the term of filing and deciding a motion for reconsideration;

---

[4] Rules 60 and 61 provides:

"Rule 60.—Relief from Judgment or Order

"(*a*) *Clerical Mistakes.*—Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected, by the court at any time of its own initiative, 'or on the motion of any party and after notice.

"(*b*) *Mistake; Inadvertence; Surprise; Excusable Neglect.*—On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or

in *Gual* v. *District Court of San Juan, ante,* p. 283, we held that the term for filing a motion for reconsideration is governed by § 292, *supra,* and not by Rule 59 (*b*) of Civil Procedure; and in *Tefel* v. *Coane,* per curiam decision of January 26, 1949, we applied § 292 and dismissed the appeal on the ground that the motion for reconsideration of judgment was filed in the lower court after the lapse of fifteen days after filing with the record a copy of the notice and we said:

". . . This being so, the only thing for the court to do was to declare itself instantly without jurisdiction. . . . ."

Likewise in the present case, upon filing the motion for reconsideration seven days after the notice of the order was served, the court should have simply declared itself without jurisdiction.

 Furthermore, from the facts previously set forth it appears that the defendants filed their motion to dismiss the complaint for improper venue under Rule 12 (*b*) (3), before plaintiffs filed their motion for a change of venue. Under these circumstances we held in *García* v. *Central Alianza,* 65 P.R.R. 124, 125, that said Rule is not in conflict with §§ 75 to 85, inclusive, of the Code of Civil Procedure which refer to the place of trial in civil actions, inasmuch as that Rule and the Sections of the Code are consistent. We expressly stated that:

---

proceeding, or (2) when from any cause the summons in an action has not been personally served on the defendant, to allow, upon such terms as may be just, such defendant or his legal representative, at any time within six months after the entry of the judgment in such action, to answer to the merits of the original action.

"Rule 61.—Harmless Error.

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for vacating, modifying, or otherwise disturbing a judgment of order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial right of the parties."

". . . When the defendant files a motion for dismissal of the complaint on the ground of improper venue without seeking at the same time a change of venue, the applicable law is Rule 12(*b*) in pursuance of which *the court where the complaint was filed has no other alternatives, if the motion is granted than to dismiss the complaint without prejudice to the filing of a new action in the proper court. Duval* v. *Bathrick,* 3 Fed. Rules Serv. 12 *b* 23, Case 2; 31 F. Supp. 510."

That is what the lower court should have done—but failed to do. It first chose to deny the change of venue and later reconsidered its order when it no longer had jurisdiction to do so.

The order entered by the lower court on November 22, 1949 will be reversed.