HARRY KLAR, Respondent, v. ISAAC PROBBER and GUSSIE PROBBER, Appellants.— Upon reargument, order dismissing appeal vacated, and motion denied. Case set down for argument on Monday, October 5, 1925. Stay pending appeal continued on condition that appellants within five days file a surety company undertaking to secure the payment of the judgment. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ.

THE ROYAL BANK OF CANADA, Respondent, Appellant, v. AUSTIN, NICHOLS & COMPANY, INC., Appellant, Respondent.— On reargument, on plaintiff's appeal, order denying motion to strike out the separate defenses reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days upon payment of these costs. Defendant's appeal dismissed, without costs. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ. Settle order on notice.

MATHEW M. WOODS, Respondent, v. LAWRENCE WEINBERGER and Another, Appellants.— Motion for stay granted upon condition that appellant within ten days shall file a surety company undertaking in the sum of $1,000, conditioned to pay any loss or depreciation by reason of said stay. Present — Kelly, P. J., Rich, Manning, Kelby and Kapper, JJ. Settle order on notice.

FREDERICK F. BARTROP, Appellant, v. SOBEL REALTY Co., INC., and Another, Respondents.— Order changing place of trial from Richmond county to New York county reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. If the application be deemed to be predicated upon the fact that a change of venue will promote the convenience of witnesses, the moving affidavit is entirely insufficient, because the names of the witnesses proposed to be called by defendants, and a statement of the substance of the testimony to be given by such witnesses, and the materiality thereof, are not shown. (*Lyman* v. *Gramercy Club*, 28 App. Div. 30; *Jacina* v. *Lemmi*, 155 id. 397.) On the other hand, if the motion be predicated upon the fact that plaintiff's assignors reside in the county of New York, the motion must also be denied, because the assignee concededly lives in Richmond county; and the assignee is a party to the action within the meaning of section 182 of the Civil Practice Act. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

HERMAN BARTSCH, Appellant, v. JOHN RAGONETTE and Another, Respondents. — Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

ERMINIO BIAZZO, Respondent, v. JOHN DUNNE, Appellant.— Order setting aside verdict as insufficient, and granting new trial, unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

ERNEST BOLLE, Respondent, v. CLINTON DRY DOCKS, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

CHARLOTTE CHARTERS, Respondent, v. ROBERT HADLEY DUMBLETON, JR., as Executor, etc., of CHARLES FOSTER DUMBLETON, Deceased, Appellant.— Judgment and orders unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.