LLOYD GAINER, Plaintiff, *v.* HENRY J. DONNER, Defendant.
JOHN GINTER, Plaintiff, *v.* HENRY J. DONNER, Defendant.
SAM GINTER, Plaintiff, *v.* HENRY J. DONNER, Defendant.

Supreme Court, Cattaraugus County, July 20, 1931.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the motion.
*Robert E. Murrin,* opposed.

NOONAN, J. This is a motion to set aside the service of the summons and to dismiss the complaint in each of the above-entitled actions, upon the sole ground that all of the parties thereto are residents of McKean county, Pa.

For the purpose of this motion, there is no dispute as to the facts. On December 24, 1930, an automobile owned by Sam Ginter and being driven by John Ginter, with Lloyd Gainer as a passenger, collided with a truck owned by defendant, in the town of Carrollton, Cattaraugus county, N. Y.; on April 29, 1931, all the summonses and complaints were served upon the defendant in the same town, and on May 18, 1931, before his time to answer had expired, the defendant secured the order to show cause herein.

That the court *may* retain jurisdiction of these actions is conceded and supported by authority. (Civ. Prac. Act, § 182; *Murnan* v. *Wabash Railway Co.,* 246 N. Y. 244.) The only question is whether or not the court *ought* to retain jurisdiction, where all the parties are non-residents, because the cause of action arose in this State; and a sound discretion should be exercised in disposing of it. (*Murnan* v. *Wabash Railway Co., supra.*) The courts, as far as I

can learn, have not considered a case of non-residents suing upon a tort arising in this State.

The general rule is that the courts of this State "will, as a matter of public policy, refuse to retain jurisdiction of and to determine an action for tort between non-residents on a cause of action arising *outside* of the State, unless special reasons are shown to exist which make the assumption and retention of jurisdiction necessary or proper." (15 C. J. 792; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Collard* v. *Beach*, 81 App. Div. 582; 93 id. 339; *Ferguson* v. *Neilson*, 11 N. Y. Supp. 524; *Werthheim* v. *Clergue*, 53 App. Div. 122; *Burdick* v. *Freeman*, 46 Hun, 138, and cases there cited.)

" The reason for the rule is obvious — because the courts of this State should not be vexed with litigations between non-residents over causes of action arising outside of our own territorial limits. Our courts are not supported by the public for any such purpose." (VAN BRUNT, P. J., in *Ferguson* v. *Neilson, supra.*) The generally crowded condition of all our courts is another equally good reason. (*Collard* v. *Beach, supra.*)

The actions are transitory and can be brought, as a general rule, in any State where the courts have jurisdiction over the parties. (*Gregonis* v. *P. & R. Coal & Iron Co., supra.*) All the parties reside in McKean county, Pa., which is adjacent to Cattaraugus county. Their own county seat is nearer and easier to reach than the one in Cattaraugus county and about equally convenient for the witnesses, and the testimony of those who will not go voluntarily outside of the State may be easily taken by deposition. Also, the affidavit of the attorney for the plaintiffs, as to the convenience of witnesses, is fatally defective, in that it fails to name the witnesses, and it does not state any facts upon which the court can base a decision as to the materiality of their testimony. (*Bartrop* v. *Sobel Realty Co., Inc.*, 214 App. Div. 799; *Lyman* v. *Gramercy Club*, 28 id. 30; *McPhail* v. *Ridout*, 83 Hun, 446.)

It is safe to assume that the parties will receive fair treatment in courts of their own State, and no valid reason has been shown why this court should assume and retain jurisdiction of the instant cases. The fact that it may be for the benefit and convenience of the attorney for the plaintiffs is not sufficient.

Although the accident happened in this State, I am of the opinion that the foregoing rule, and the reasons therefor, should prevail in the present cases, and that the court should refuse to retain jurisdiction of the same. Therefore, the motion to set aside the service of the summons and to dismiss the complaint in each case is granted, without costs.

Let an order be entered accordingly.