Ellen Hunter, Plaintiff, v. Ruth Hosmer, Defendant.

Supreme Court, Tioga County, December 30, 1931.

*Francis J. Clohessy,* for the plaintiff.

*Hinman, Howard & Kattell [C. A. Keeler* of counsel], for the defendant.

Personius, J.  Both plaintiff and defendant are residents of Athens, Bradford county, Pa.  The plaintiff sues to recover damages for personal injuries received in an automobile accident which occurred in Tioga county, N. Y.  The defendant moves to vacate the service and dismiss the complaint on the ground that both parties being residents of Pennsylvania, this court should not assume or retain jurisdiction of the action, notwithstanding the fact that the cause of action arose *in* the State of New York.

It should be noted that the village of Waverly in New York State, and the boroughs of Sayre and Athens in Pennsylvania are contiguous communities.  In practice they constitute one community.  In commercial pursuits and social activities the State line running through the community is largely ignored.

The defendant cites *Gainer* v. *Donner* (140 Misc. 841).  Except for the possible geographical distinction just referred to, this authority is squarely in point.  There, as here, the cause of action arose in New York and both parties resided in Pennsylvania in a county adjoining the county where the accident occurred and the action is brought.

The *Gainer* case draws no distinction between actions where the cause of action arose *in* the State and actions where the cause of action arose *outside* the State; it assumes that this court has discretion to retain jurisdiction, or refuse to retain jurisdiction, whenever both plaintiff and defendant are non-residents without regard to whether the cause of action arose within or without this State.

It cites *Murnan* v. *Wabash R. Co.* (246 N. Y. 244). In that case, however, the cause of action arose *without* this State and Mr. Justice POUND, writing for a unanimous court, said (pp. 246, 247): " it has often been held that the courts of this State may refuse in their discretion to entertain jurisdiction over causes of action arising out of a tort committed *in a sister state* where both the plaintiff and defendant are non-residents." (Italics are writer's.)

Generally speaking, our courts " will as a matter of public policy refuse to retain jurisdiction " in an action between non-residents for tort arising *outside* the State " unless special reasons are shown to exist which make the assumption and retention of jurisdiction necessary or proper." Thus far our courts have undoubtedly gone. (15 C. J. 792.) To this extent we concur with the *Gainer* case. Beyond that we are not willing to concur.

This discretion to refuse to retain jurisdiction does not extend to actions involving commercial transactions and property rights. (*Werthheim* v. *Clergue*, 53 App. Div. 122, 126, citing *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152, 159.)

So far as we have been able to discover, every case in which the court exercised its discretion and refused to retain jurisdiction in an action between non-residents, involved a tort which arose *outside* the State. Of such are all the cases cited in the *Gainer* case; likewise all the cases cited in an extensive note (32 A. L. R. 6).

We have been unable to discover any authority passing upon either the right or the discretion of the court to refuse jurisdiction of a tort action between non-residents where the cause of action arose *within* this State. On principle we think the courts of this State should be open to determine causes of action in tort arising *within* the State and, therefore, governed by our laws. (7 R. C. L. § 66, p. 1037; *Cofrode* v. *Gartner*, 79 Mich. 332; 7 L. R. A. 511; *Reeves* v. *Southern R. Co.*, 121 Ga. 561; 70 L. R. A. 517, 533, 544.)

Indicative of the legislative intent as to our jurisdiction is the provision that a non-resident or a foreign corporation may sue another foreign corporation in our courts on a cause of action which arose *within* the State. (Gen. Corp. Law of 1929, § 225 [3].)

Even if this court may in its discretion retain or refuse to retain jurisdiction of this action, we think it should be retained. The cause of action arose here and is governed by New York laws. Some of the witnesses, at least, come from Tioga county.

The motion is denied, with ten dollars costs to abide the event. Prepare order accordingly.