**RHODES v. BARNETT (No. I).**
**BROWN**
v.
**PENNSYLVANIA GREYHOUND LINES, Inc. (No. II).**

**McHONEY et al.**
v.
**MARINE TRANSPORT LINES, Inc. (No. III).**

United States District Court
S. D. New York.
Dec. 15, 1953.

**314**

Zalkin & Cohen, New York City, for plaintiff in No. I.

Laporte & Meyers, New York City, (Ernest S. Meyers, New York City, of counsel), for defendant in No. I.

Fields & Berkley, New York City (Lester D. Berkley, New York City, of counsel), for plaintiff in No. II.

Clarence E. Mellen, New York City, for defendant in No. II.

Klonsky & Steinman, New York City, I. H. Jacobson, Charleston, S. C. (Robert Klonsky, New York City, of counsel), for plaintiffs in No. III.

Kirlin, Campbell & Keating, New York City (Walter X. Connor, New York City, of counsel), for defendant in No. III.

MURPHY, District Judge.

Each of these three separate actions involves a motion by defendant for a change of venue under 28 U.S.C.A. § 1404(a) on the grounds of convenience of parties, witnesses and the ends of justice: *(I)* is a breach of contract action brought by plaintiff as a citizen of New York against defendants as citizens of California; *(II)* is a tort action brought by plaintiff as a citizen of New York against defendant, a Delaware corporation, licensed to do business in New York, for injuries sustained in Pennsylvania; and *(III)* is a tort action brought by plaintiffs as citizens of South Carolina against defendant, a Delaware corporation, doing business in New York, for injuries sustained in South Carolina. The three cases are unconnected except for the identical question of law in each of them. This common ingredient makes it convenient to treat all three of them in a single opinion.

■ In each of the three cases it is conceded that the venue statute of the United States permitted the plaintiffs to commence their actions in the Southern District of New York and empowered the United States District Court there to entertain them. "A civil action * * * may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."[1] This venue statute can supply the basis for maintaining the actions in cases *(I)* and *(II)*. The statute further provides in part: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."[2] This

[1]. 28 U.S.C.A. § 1391(a).

[2]. Id. § 1391(c).

statute can supply the basis for maintaining the action in case *(III)*. No question of jurisdiction as to parties or subject matter is raised in any of the three cases.

■ But conceding jurisdiction and venue, the question remains whether this court must entertain the suit. In 1948 a statute was enacted which provides in part that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." [3] There is no question that the statute is based on the doctrine of *forum non conveniens.*[4] Prior to its enactment it was possible to transfer a suit between divisions of the same district when the parties so stipulated.[5] While such transfers are still preserved the statute makes possible a discretionary transfer of civil actions from one district to another which was not possible before its enactment.[6] Prior to the enactment of the transfer statute, a suit brought in an inconvenient federal forum had to be dismissed.[7] It could not be transferred to another district as, for example, in local State practice.[8]

With reference to the transfer statute, the Court of Appeals in this circuit has observed that, "Congress did not alter the standard theretofore embodied in the doctrine of forum non conveniens, despite the fact that that section is applicable to types of actions to which that doctrine did not previously apply." [9] The classic statement of what factors ought to be considered by a federal forum in applying *forum non conveniens* prior to the enactment of the transfer statute has been made by Jackson, J., in

Gulf Oil Corp. v. Gilbert.[10] (A) As private interest of the litigant, these factors are enumerated: (1) access to proof; (2) availability of compulsory process for unwilling witnesses; (3) cost of obtaining attendance of witnesses; (4) possibility of view of premises; and (5) enforcibility of judgment if one is obtained. (B) As factors of public interest, there are listed: (1) congested calendars; (2) burden of jury duty; (3) local interest in localized controversy; and (4) desirability of having the forum apply the State law of the State in which it sits. These factors are presumably illustrative and not exhaustive.

■ ■ The burden of establishing this inconvenience is emphatically that of the defendant. "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." [11]

In the light of these principles we shall examine the three cases in order.

## I

In Rhodes v. Barnett, the first case, defendant operated a clock advertising business involving permission of theater owners for the installation on their premises of clocks bearing legends advertising the products or services of other persons. Under written agreement entered into in March, 1950, plaintiff became defendant's exclusive agent in a territory embracing an area comprising Connecticut, New York and Pennsylvania. Plaintiff contends that defendant unlawfully terminated this agreement on October 13, 1951, and claims damages totalling $232,121.01. Defendant denies plaintiff's claim and counterclaims for

---

3. Id. § 1404(a).

4. See H.R.Rep. No. 2646, 79th Cong. 2d Sess. p. A 127.

5. 36 Stat. 1103 (1911), 28 U.S.C.A. former § 119 (1940).

6. 28 U.S.C.A. § 1404(b). Cf. Brown v. Heinen, D.C.Minn., 61 F.Supp. 563.

7. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

8. Cf. N.Y.Civil Practice Act § 187.

9. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330; certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624.

10. 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055.

11. Id., 330 U.S. at 508, 67 S.Ct. at page 843; Ford Motor Co. v. Ryan, supra, 182 F.2d at page 330.

injunctive relief and damages totalling $157,878.99 on the grounds that plaintiff breached the agreement by violating a negative covenant which it contained.

In balancing the conveniences involved, consideration should first be given to those factors which are weighted in favor of retention of the cause in this district and against its removal to the Southern District of California.

■ (1) *Nature of action.* This is an action in contract. A sharp line of demarcation has been drawn by the State Courts in New York between tort and contract cases in the application of the doctrine of *forum non conveniens.* It has been said that power to refuse to entertain jurisdiction under certain circumstances in tort cases does not extend to actions based upon contract.[12] And such has apparently been the practice of trial courts of this State.[13] This tendency to retain jurisdiction in contract cases is followed in State Courts elsewhere.[14] The distinction between tort and contract actions is based on the consideration that there is not the same probability that the amount of recovery will vary with the place of trial because the rules of damage are more restrictive in contract than in tort. Moreover, this distinction between tort and contract in refusing to entertain jurisdiction may well be part of the federal rule. "The law of New York as to the discretion of a court to apply the doctrine of *forum non conveniens,* and as to the standards that guide discretion is, so far as here involved, the same as the federal rule."[15] Accordingly the fact that this is a contract action is a consideration favorable to its retention in this forum.

■ (2) *Locus of transaction.* The contract involved was to be performed in an area comprising Connecticut, New York and Pennsylvania, and presumably was made in New York. Under the choice of law rule of the State of New York which this court is constrained to apply,[16] the substantive law of contracts of New York and not that of California may well govern the issues to be tried in this case. In such event there is at least some circumstantial probability that both counsel and court will exhibit more familiarity with the governing law of this case if it is tried in New York rather than in California.

(3) *Nature of issues involved.* There is no denial of the existence and terms of the written contract. The issues raised by complaint, answer and counterclaim relate to its breach. And the facts under those issues arise from plaintiff's conduct in the eastern area in which the contract was to be performed. Indeed the counterclaim of defendant, insofar as it is possible to characterize it as having a principal geographical reference point, relates to the same area.

■ (4) *Appearance and participation in this forum by defendant.* We think it significant that defendant himself in connection with proceedings in this action has already resorted to this forum on numerous occasions. He removed this action from the State Court in which it was originally brought to this forum. He conducted his pre-trial examination pursuant to orders of this court. He appeared in this court and successfully opposed plaintiff's application for a preference and he secured a temporary injunction restraining plain-

---

12. See Smith v. Crocker, 1st Dept., 14 App.Div. 245, 43 N.Y.S. 427, 429, affirmed memorandum, 162 N.Y. 600, 57 N.E. 1124; Wedemann v. United States Trust Co., 258 N.Y. 315, 317–318, 179 N.E. 712, 79 A.L.R. 1320; Gregonis v. Philadelphia & R. C. & I. Co., 235 N.Y. 152, 160, 139 N.E. 223, 32 A.L.R. 1.

13. Rederiet Ocean Aktieselskab v. W. A. Kirk & Co., Sup., 51 N.Y.S.2d 565; Osborne v. Banco Aleman-Antioqueno, Mun. Ct., 176 Misc. 664, 29 N.Y.S.2d 236.

14. Hagen v. Viney, 124 Fla. 747, 169 So. 391; Trojan Engineering Corp. v. Green Mountain Power Corp., 293 Mass. 377, 200 N.E. 117; Quigley Co. v. Asbestos Ltd., 134 N.J.Eq. 312, 35 A.2d 432.

15. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at page 509, 67 S.Ct. at page 843.

16. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477.

tiff in connection with this action in this court. If a litigant by dint of bringing an action in a State court has so submitted himself to its jurisdiction that the court retains jurisdiction over him, even after dismissal of his complaint, for purposes of defendant's cross-claim which was filed without service upon the plaintiff, then it appears that resorting to a forum by a litigant should at least have some significance in resolving the proprieties of a transfer of the action.[17]

(5) *Delay in making motion.* We think that weight should be given to the fact that this action was commenced on October 22, 1951, and that defendant makes the motion for transfer for the first time more than two years later on the eve of trial.

Two factors have been urged by defendant as favorable to removal:

(a) Present location of plaintiff in California. Concededly plaintiff is now in California and will remain there for some period on business. This is pressed by defendant as a consideration of convenience favorable to removal. But it should be emphasized that on this motion defendant may not complain about plaintiff's inconvenience.[18] There is also some dispute concerning whether plaintiff's domicile is presently in New York or California. Defendant's insistence that it is California is at odds with his own allegations of the diverse citizenship of the parties in his petition for removal of the action to this forum from the State court.

(b) Convenience of witnesses. Defendant alleges on this motion that his witnesses and records are located in California and considerable expense would be involved in making them available for trial in New York. It should be noted that in addition to defendant himself there are only two other witnesses mentioned. This number must be balanced against the ten witnesses from the eastern area which plaintiff claims will be necessary for the presentation of his case. Mindful that this is a contract action in which depositions and interrogatories are less deleterious in effective presentation of a case than they might be in a tort action, we do not find convenience of witnesses a factor favorable to transfer.

Accordingly, the motion to transfer is denied.

## II

In Brown v. Pennsylvania Greyhound Lines, Inc., the second case, plaintiff, while a passenger on defendant's bus, was injured when the bus collided with another vehicle in Pennsylvania. Plaintiff was traveling from Ohio to the District of Columbia at the time. It is not disputed that plaintiff is a citizen of New York and was such at the time of filing this action, that defendant is a Delaware corporation licensed to do business in this State and that the owner and operator of the third vehicle involved are natural persons and citizens of Florida. The accident occurred on January 19, 1953. This action was commenced in a State court on April 10, 1953, and removed on petition of defendant to this court on April 30, 1953, on the basis of diversity of citizenship.

The principal grounds urged by defendant for transfer will be balanced against the competing considerations favorable to retention of the action in this forum:

(1) *Availability to defendant of right of contribution against third parties.* Defendant insists that trial in this forum will deprive it of the benefit of the right of contribution against third parties conferred by the statute of Pennsylvania unless venue is transferred to one of the judicial districts in that State. The argument is rooted in the belief that contribution is a matter of procedure. Trial of the action in a federal court sitting in New York would require application of that State's choice of law rule for torts. Such rule requires selection as

---

17. Cf. Adam v. Saenger, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649.

18. See Marks v. Fireman's Fund Ins. Co., D.C.S.D.N.Y., 109 F.Supp. 800, 803.

governing law for foreign torts only the substantive and not the procedural law of the *locus delicti*.[19] Such is the major premise of defendant's syllogism. Its correctness cannot be disputed. The same cannot be said of the minor premise and conclusion, which are respectively that the right of contribution is procedural, and that therefore defendant would forfeit such right in event of trial of the action in the federal court sitting in New York. With respect to the validity of the minor premise, viz., whether contribution is procedural or substantive, the most favorable thing that can be said for defendant is that there is always some dispute involved in making such classification. Whatever controversy there may be in thus classifying the right of contribution, the better of it seems to have been gotten by proponents of the substantive pigeonhole.[20] Even assuming that for purposes of trial of the action in New York defendant's right of contribution be categorized as procedural, the conclusion that this right would be sacrificed by trial in this forum and saved by transfer to a federal court in Pennsylvania is a *non sequitur*. For if the right is procedural the federal court, no matter in what State it may sit, must apply the Federal Rules of Civil Procedure when such rules cover the subject matter as they do in the instant case.[21]

(2) *Defendant's opportunity to obtain jurisdiction over third-party defendant.* Under Pennsylvania's version[22] of the familiar non-resident motorists statutes, defendant insists that if transfer is granted it will have the opportunity to bring into this action as third-party defendants the citizens of Florida who owned and operated the vehicle with which the bus collided, by the simple expediency of serving them with process through the Secretary of Revenue of the State of Pennsylvania. It is not disputed that an original action could be thus commenced in the State Court of Pennsylvania by defendant against such third-parties.[23] But it is now clear that an original action of this sort commenced by such service of process could not be maintained in the federal court in that State notwithstanding the diverse citizenship of the parties, because of defect of venue which cannot be overcome by the non-resident motorist statute.[24]

(3) *Convenience of defendant's witnesses, applicable law, congested calendars.* With respect to convenience of witnesses, concededly all of them except the plaintiff herself and her physician are from locations nearer to the Western District of Pennsylvania than to the Southern District of New York. But whether tried in New York or Pennsylvania, inconvenience to witnesses will be inevitable in this suit, as indeed must necessarily be the case when causes are tried on the basis of diverse citizenship in the federal courts. In balancing conveniences of witnesses, unlike armies in the field, the adversary who alleges first that he has the most ought not always to prevail.

In the instant case, affidavits indicate that plaintiff has been considerably disabled and that fact as well as the extent of her damages depend largely on the testimony of her physician in New York. On the other hand, while defendant alleges generally that upon trial of this action it will call witnesses located nearer to Pennsylvania than New York, it fails to identify all such witnesses and indicate

19. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

20. See Brady v. Black Diamond S. S. Co., D.C.S.D.N.Y., 45 F.Supp. 338.

21. Cf. Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, certiorari denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Fed.Rules Civ.Proc. rules 14,

18, 41(c), 42(b), 54(b), 55(d). See also rules 7(a), 8(a), 28 U.S.C.A.

22. Stat.Ann. (Purdon 1939) t. 75 §§ 1201, 1202, 1204.

23. Hess v. Pawloski, 274 U.S. 352, 47 S. Ct. 632, 71 L.Ed. 1091.

24. Olberding v. Illinois Central Railroad Co., Inc., 74 S.Ct. 83; Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53.

why their testimony will be essential, rather than cumulative.[25]

Unquestionably, the substantive law of torts of Pennsylvania must govern this controversy, and it may be that the court in the Western District of that State is more adept in application of such law than this forum. But there has been no indication that such law varies materially from equivalent rules of the State of New York, and it is by no means unprecedented to require a federal court in this district to apply the judicially declared substantive law of torts of Pennsylvania to a controversy before it.[26]

Agreeably for the Western District of Pennsylvania, its calendar may be less congested than the one in this forum. It is, however, unusual for a defendant in a tort action to complain of lack of convenience to it of a speedy trial. But if defendant in this cause is solicitous of the hardship of delay to plaintiff, its feelings may now be assuaged since a preference has been granted by a judge of this court after the argument of this motion.

Notwithstanding that this is an action in tort, the actual domicile of plaintiff and commercial one of defendant within this district, as well as consideration of the conveniences involved, justify denial of the motion to transfer.

### III

McHoney v. Marine Transport Lines, Inc., the third case, involves suit by four residents of South Carolina against defendant, a Delaware corporation, licensed to do business in New York, for injuries sustained while employed aboard defendant's vessel in South Carolina, when its cargo of sulphur ignited and exploded. This is a motion by defendant to transfer to the District of South Carolina, where concededly, because of defect of venue, the action could not have been initially maintained by plaintiffs.

Save for a single expert witness within this district, plaintiffs have alleged no grounds of convenience for maintaining the action in this forum. Indeed the four of them, notwithstanding their claimed impecuniosity, would be put to considerable expense before trial in presenting themselves in this district for examination by defendant and during trial in maintaining the burden of proof on the issue of liability as well as extent of injury, since the locus of their domicile, the accident and all of their medical treatment is South Carolina. Indeed defendant alleges that it will require twenty witnesses at trial of this action, and all of them from South Carolina. Mindful of numerous factors of public convenience, the State courts in New York have consistently declined under the doctrine of *forum non conveniens* to entertain suits between non-residents for torts occurring outside the State.[27] To such factors should be added the magnanimity of a big city jury which often acts as irresistible magnet for tort claims arising elsewhere in the country. Indeed suits have not been entertained under such circumstances even when the tort occurred within the State,[28] as well as in situations like the instant one where the tort occurred outside the jurisdiction and both parties are domiciled elsewhere, with the defendant a foreign corporation, licensed to do business in this State.[29]

In resisting transfer to the District Court in South Carolina plaintiffs maintain that such forum is one where venue cannot be had for this suit.[30] In making this motion defendant has explicitly waived the statutory venue requirement, as it may properly

---

25. Cf. Marks v. Fireman's Fund Ins. Co., D.C.S.D.N.Y., 109 F.Supp. 800, 803–804.

26. For a celebrated instance, see Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

27. Collard v. Beach, 1st Dept., 81 App. Div. 582, 81 N.Y.S. 619.

28. Gainer v. Donner, Sup., 140 Misc. 841, 251 N.Y.S. 713.

29. Douglas v. New York, N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L. Ed. 747.

30. 28 U.S.C.A. § 1404(a).

do.[31] Consequently plaintiffs' principal objection to transfer vanishes. The considerations that influence a State court in declining jurisdiction under *forum non conveniens* ought to have even greater effect on the exercise of discretion by a federal forum on a motion to transfer.[32] The consequences of decline of jurisdiction by a State court terminates the action, possibly with finality depending on the applicable period of limitation. Such consequences are far more drastic than those attending a transfer, such as the one sought in this motion, from one federal district to another. Indeed beyond the requirement that counsel for plaintiffs temporarily relocate himself for purpose of trial, there appears to be no substantial inconvenience to plaintiffs in granting this motion to transfer.

Motion granted.

---

31. Anthony v. RKO Radio Pictures, D.C., 103 F.Supp. 56, affirmed, 2 Cir., sub. nom. Anthony v. Kaufman, 2 Cir., 193 F.2d 85, certiorari denied, 342 U.S. 955, 72 S.Ct. 629, 96 L.Ed. 710; Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111. See also note 24, ante.

32. See note 15, ante.