## LEHN & FINK PRODUCTS CORP.

### v.

## MILNER PRODUCTS CO., Inc.

United States District Court
S. D. New York.
Dec. 23, 1953.

---

business" in this judicial district under the federal venue statute, 28 U.S.C.A. § 1391(c), and to quash service of process under Rule 4(d) (3), F.R.C.P., 28 U.S. C.A. Alternatively, defendant seeks transfer of this action to the District of Mississippi on grounds of convenience of parties, witnesses and the ends of justice under 28 U.S.C.A. § 1404(a).

## I

On the first question whether or not defendant is "doing business" within this judicial district, this court has already assimilated, as an unaxiomatic guide to perplexed foreign corporations, the consideration of reasonableness in requiring the corporation to defend a particular suit away from its technical or commercial domicile, in the light of its contacts with the forum and an estimate of attendant inconveniences.[1] It is unnecessary now to reappraise the many considerations involved in accepting this touchstone. It suffices to weigh the contacts and conveniences of the defendant corporation insofar as it is possible to ascertain their distribution from the facts set forth in opposing affidavits.

*In Mississippi:* This is the legal domicile of defendant. Defendant has its principal place of business here. All of its officers and directors and its principal books and records are located in Jackson. Here the defendant approves or rejects all orders for the sale of its merchandise. Defendant pays from Jackson the rent for space, Mr. Forbes' salary and the cost of secretarial help in New York. It renders its bills and invoices from Jackson and causes delivery of all its merchandise under 150 pounds from Jackson. It controls its advertising from Jackson, although its advertising agency is located in Chicago.

*In this judicial district:* Defendant has never qualified or been licensed to do business. Mr. Forbes, defendant's Eastern division sales manager who is in charge of sales promotion and solici-

Alexander, Maltitz, Derenberg & Daniels, New York City (Joe E. Daniels, New York City, Louis Kunin, Flushing, N. Y., of counsel), for plaintiff.

John B. Cuningham, New York City (Richard L. Underwood, Washington, D. C., of counsel), for defendant.

MURPHY, District Judge.

Defendant, a Mississippi corporation not licensed to do business in New York, moves to dismiss this action for trademark infringement and unfair competition brought by plaintiff, a Delaware corporation, licensed to do and concededly doing business in New York, on grounds that defendant is not "doing

---

1. Ronson Art Metal Works v. Brown & Bigelow, D.C.N.Y., 104 F.Supp. 716.

tation in the area comprising one-half of the States of New York and Pennsylvania and all of New Hampshire, Maine, Massachusetts, Rhode Island, Connecticut and the District of Columbia, has "desk space" in this district and engages from time to time, secretarial and office help. Defendant retains here copies of shipping orders and invoices to customers in the above-described territory. Defendant alleges that one percent of its gross annual business is derived from sales made in New York, and 1.5 percent from sales made in New York and New Jersey combined. What this amounts to in dollars is not disclosed. Defendant maintains no bank accounts but does have its goods in a warehouse situated in the Bronx from which it makes deliveries to this area of merchandise weighing over 150 pounds. Recently, in an investigative test, it sold and made delivery of less than this weight from such warehouse. Mr. Forbes uses in this district, as well as in the above-described area, an automobile owned by defendant and licensed in Mississippi. Forbes receives reports and messages concerning sales and sales promotions in this territory at its New York "desk space." Apparently he has an assistant in this district. In defendant's correspondence and letterhead it describes itself as having an office in New York. The labels on its merchandise and packing cases describes New York as one of its places of business.

■ While these affidavits do not fully account for all of defendant's activity, both in this district and elsewhere, they are sufficient to indicate a volume and continuity of commercial activity within this judicial district to make it reasonable to require defendant to make its defense in this forum. In many respects, the activity exceeds that found by the Supreme Court to be sufficient to subject a corporation to State jurisdiction without offending due process.[2] And in almost all respects, such activity cannot be fairly characterized as sporadic or occasional dealing that falls short of requisite continuity for federal venue purposes.[3]

■ On the issue whether or not Forbes, who is neither an officer or director of the corporation, can be considered a managing or general agent under Rule 4(d) (3), F.R.C.P., I find that since the defendant is "present" he is its "managing agent."[4]

## II

Whether or not the action should be transferred to the District of Mississippi, the alternate relief prayed for, again must be determined by consideration of similar contacts and conveniences. This is an action for unfair competition and trademark infringement. It involves the question whether plaintiff's trademark, "Lysol," is being infringed by defendant's trademark, "Pine-sol." The most that can be said for defendant is that its officers and principal books and records are in Mississippi. Why such officers and records will be material to the principal issue of likelihood of confusion in the minds of local dealers and customers is not readily apparent.

■ Mindful of the mandate that the choice of forum by the plaintiff should not be lightly disturbed and that the burden of proving inconvenience is on the defendant,[5] I find that the motion to transfer should be denied without prejudice to a renewal thereof when the answer is interposed and additional supporting facts have been presented.

Accordingly defendant's motion is denied.

2. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

3. Cf. Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139.

4. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33.

5. Cf. Marks v. Fireman's Fund Ins. Co., D.C.S.D.N.Y., 109 F.Supp. 800, 803–804; Rhodes v. Barnett, D.C.S.D.N.Y., 117 F.Supp. 312.