SCHILLING–HILLIER S. A. INDUS-
TRIAL E COMERCIAL,
Plaintiff,

v.

VIRGINIA–CAROLINA CHEMICAL
CORPORATION, Defendant.

United States District Court
S. D. New York.

June 26, 1956.

Bernard B. Smith, New York City, for plaintiff. Leonard H. Steibel, Michael Alexander, New York City, of counsel.

Sherpick, Regan & Davis, New York City, for defendant. Richard T. Davis, New York City, of counsel.

DIMOCK, District Judge.

Defendant makes two motions: (1) for an order, pursuant to section 1404(a) of Title 28 of the United States Code, transferring this action to the Eastern District of Virginia, Richmond Division; and (2) for an order vacating, or, in the alternative, modifying, a notice for the taking of defendant's deposition. I shall consider each motion separately.

(1) *Motion for transfer of venue.*

Section 1404(a) of title 28, United States Code, permits transfer of any civil action to another district where the action might have been brought, if, in the court's discretion, such transfer would be more convenient to parties and witnesses and in the interest of justice. There is no dispute that this action could have been brought in Virginia. Therefore, the only question is one of convenience.

Defendant is a Virginia corporation with principal offices in Richmond. Plaintiff is a Brazilian corporation. Defendant has an office in New York but it says that its New York office does not deal in fungicides, the product involved in the contract which plaintiff claims was broken by defendant. · Defendant points to the fact that the contract prescribes that the law of Virginia shall govern any disputes involving that contract and that defendant executed the contract in that state. Furthermore, defendant alleges that none of its relevant records are in New York and none of its eight named officers or agents involved with this contract are in New York. Most of its records and six of its eight interested officers and employees, defendant says, are in Richmond, Virginia; the rest are in Cleveland, Ohio. Defendant has checked with the clerk of the District Court for the Eastern District of Virginia, Richmond Division, and it states it was advised that a civil case would be reached for trial within a year after docketing in that court.

Plaintiff, in rebuttal, avers that the contract was negotiated and executed by plaintiff in New York and, after signing by defendant (presumably in Virginia), it was mailed from New York to plaintiff in Brazil. Plaintiff states that the documents relating to this contract are not in Virginia but are all in Cleveland, Ohio. Therefore, no greater availability of documents would be obtained by transfer to Virginia. Most important to plaintiff is the fact that the attorney who represented defendant in negotiating this contract is a New York attorney whom plaintiff wishes to call as a witness but who would not be amenable to service of process in Virginia.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, the Supreme Court declared that "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." This was interpreted by the Court of Appeals for this circuit to mean that the defendant "has the burden of making out a strong case for a transfer" which overweighs not only the convenience of the plaintiff but the right of the plaintiff to choose his forum. Ford Motor Co. v. Ryan, 2 Cir., 182 F. 2d 329, 330.

██ The inconveniences alleged by defendant do not make a sufficient case for transfer. The witnesses who do not reside in New York are all agents or employees of defendant, or corporations related to defendant, and therefore amenable to defendant's control. If this action were transferred to Virginia, plaintiff would have no means to compel defendant's former attorney, a New York resident, to appear as a witness in Virginia. Change of venue should not be ordered when it will result in the loss to plaintiff of an important witness. See Ford Motor Co. v. Ryan, supra.

██ I am not altered in my judgment by the fact that the substantive law of Virginia will govern this dispute. It may well be that this court will have less familiarity with the law to be applied to this case than our sister court in Virginia, but defendant makes no allegation of "forum-shopping", no allegation of any differences between the applicable law of Virginia and that of New York, and no allegation that plaintiff obtains a substantial advantage by litigating this dispute here. Without such allegations, this reason for a change of venue has little materiality. Marks v. Fireman's Fund Ins. Co., D.C.S.D.N.Y., 109 F.Supp. 800, 804.

Defendant's motion for a change of venue is denied.

(2) *Motion for vacating or modification of notice to take deposition.*

Plaintiff served, pursuant to Rule 26, F.R.C.P., 28 U.S.C., a notice to take defendant's deposition by two named individuals. Defendant moves to vacate this notice on the ground that this notice was prematurely given, or in the alternative, for an order modifying the notice to strike out the named individuals and to postpone the taking of the deposition until defendant has examined plaintiff.

██ This lawsuit was originally commenced in the Supreme Court of the State of New York by service of summons unaccompanied by a complaint. This is permissible procedure in the state courts. N. Y. Civil Practice Act, § 218. A copy of the complaint was mailed to defendant on April 26, 1956. Defendant removed this action to this court on April 30, 1956. The notice to take defendant's deposition, here in dispute, was served on May 4th, four days after removal and eight days after service of the complaint.

Rule 26(a), F.R.C.P., permits the plaintiff to serve a notice of deposition upon his adversary without leave of court if more than twenty days have elapsed since "commencement of the action". Rule 3 holds that "a civil action is commenced by filing a complaint with the court." Defendant therefore argues that, since both the filing of the complaint in this court and its service upon defendant took place less than twenty days before this notice to take deposition was served, the notice was premature.

Before Rule 26(a) was amended in 1946, a plaintiff could not, absent leave of court, serve a notice of taking a deposition upon the defendant until twenty days after an answer had been filed. Because a substantial amount of time might intervene between the commencement of an action and the filing of an answer, during which time a plaintiff would be stymied without leave of the court, the present rule was adopted. It gives a defendant freedom from a notice of deposition unless court authorized only during the twenty days following the commencement of the action so that defendant may have "an opportunity to retain counsel and inform himself as to the nature of the suit," Comment of the Advisory Committee on the Federal Rules, quoted in Moore's Federal Rules and Official Forms, p. 176.

Defendant was first advised of this action when it was commenced under state law by service of a summons. This was more than twenty days before this notice to take depositions was served. Defendant therefore had ample time to

retain counsel. It is true, however, that it had no ready means of informing itself as to the nature of the suit. Nevertheless the words of the rule are explicit and they have been interpreted literally. Prinias v. Andreadis, D.C.S.D.N.Y., 12 F.R.D. 490. On a practice point such as this where there is much to be said on both sides the rule of stare decisis should foreclose discussion when once the question has been considered and resolved.

Plaintiff's notice to take depositions was therefore not premature.

Defendant moves also to modify the notice by striking out the names of James M. Merritt and John Pearsall by whom the notice states defendant is to be examined. Rule 26(d) permits examination of a corporation only by an officer, or managing agent. Defendant states that neither individual fits into these categories.

Pearsall is defendant's General Counsel. He is therefore not an officer or managing agent. Plaintiff seems to admit that defendant may not be examined through Pearsall since plaintiff in its answering papers to this motion does not even mention his name. Pearsall's name will therefore be deleted from the notice.

Defendant avers that Merritt is also not an officer or managing agent of defendant corporation but is actually Sales Manager for another corporation, Diamond Black Leaf Company. Plaintiff states that 49% of the stock of that corporation is owned by defendant. In addition, plaintiff's president alleges, in substance, that, aside from defendant's attorney, Merritt did the major negotiating of this contract for defendant. This allegation is uncontroverted by defendant.

Nevertheless Merritt is not now actually employed by defendant. This is not a mere verbal defect. One cannot be sure that defendant can produce him. Plaintiff must be satisfied with examining him as a witness.

Defendant's final request to modify this notice to take depositions is to postpone the examination of defendant until after plaintiff's deposition is concluded. In this district, absent special circumstances, priority always is given to the party who first serves the notice of examination. Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C.S.D.N.Y., 9 F.R.D. 432. Defendant offers no special reason why this rule should be abrogated here. See Kenealy v. Texas Co., D.C.S.D.N.Y., 29 F.Supp. 502, 504.

To summarize: defendant's motion to strike the names of John Pearsall and James M. Merritt is granted; in all other respects defendant's motions are denied.