MCDONOUGH, MURRAY & KORN, P. A., PLAINTIFFS, v.
PATRICIA BREUNINGER, ESQ., DEFENDANT.

District Court Union County

December 16, 1980.

*Robert P. McDonough* for plaintiffs, *pro se.*

*Patricia Breuninger* for defendant, *pro se.*

GRIFFIN, J. S. C. (temporarily assigned).

This court must decide if, under *R.* 4:14–7(b), (1) an attorney, who testified at a deposition concerning certain negotiations she conducted with defendants on her client's behalf prior to the commencement of the lawsuit, is an "authorized agent" of that client and therefore not entitled to reimbursement by the deposing party for her loss of pay and out-of-pocket expenses incurred while attending the deposition, and (2) whether that attorney should be reimbursed by the deposing party for the fee charged by her legal counsel for attending the deposition. No New Jersey cases have been found on either issue.

The parties have stipulated the facts. Patricia Breuninger, Esq., defendant herein, represented plaintiff in a Superior Court action entitled *Bernadette Brehm v. Pine Acres Nursing Home, Inc., et al.* The firm of McDonough, Murray & Korn, plaintiffs herein, represented one of the defendants. Miss Breuninger represented Bernadette Brehm prior to the institution of the Superior Court action and had certain communications with defendants before suit was commenced.

Mr. McDonough determined that Miss Breuninger might have knowledge of facts relevant to the action and accordingly sought to depose her as a potential witness. After failing in his

attempts to obtain Miss Breuninger's deposition voluntarily, McDonough applied for and received an order requiring her to submit to a deposition limited in scope to the contents of Miss Breuninger's communications with defendants. Miss Breuninger's deposition was taken at the Union County Courthouse on February 6, 1980, at which time she was represented by William E. Staehle, Esq.

Following the deposition, Miss Breuninger submitted a bill to McDonough, Murray & Korn in the amount of $228.50 for loss of income and expenses incurred while attending the deposition. She also submitted her attorney's bill for $225 for professional services rendered in representing her at the deposition. The parties agree that the amounts are reasonable.

McDonough informed Miss Breuninger by letter dated February 28, 1980 that his firm would not pay the bills on the ground that the Rules of Court do not require payment. But on March 26, 1980 McDonough's firm, apparently mindful of the Biblical injunction that when giving alms the left hand should not know what the right hand is doing,[1] paid both bills. The now ex-bookkeeper did it. Defendant refuses to return the money.

## I

*R.* 4:14–7(b) provides, in pertinent part, as follows:

The party subpoenaing a witness, other than one subject to deposition on notice, shall reimburse him for the out-of-pocket expenses and loss of pay, if any, incurred by him in attending at the taking of depositions.

The Comment to the above rule explains this reimbursement provision as follows:

... Parties to the action, however, and officers, directors, managing and authorized agents of parties, i. e., persons subject to deposition on notice, are not entitled to any reimbursement or payment by the opposing party. [*Pressler, Current N. J. Court Rules, Comment R.* 4:14–7(b)]

Plaintiff contends that Miss Breuninger attended the deposition in her capacity as "authorized agent" for Bernadette Brehm

---

[1]*Matt.* 6:3.

and, therefore, is not entitled to payment. Defendant Breuninger, on the other hand, argues that she was not deposed as Brehm's agent, but rather as a person with knowledge of the facts of the case, i. e., a witness.

In the absence of controlling case law, the court must be guided in its interpretation of *R.* 4:14–7(b) by other New Jersey rules employing similar language and by the federal rule which served as the model for the disputed portion of *R.* 4:14–7(b). See *Fed.R.Civ.P.* 30(b)(6).

Plaintiff McDonough would have the court interpret the words "authorized agent" in their broadest sense—that is, anyone who acts for or in the place of another by authority of the latter. *Benvenuti v. Angersbach*, 111 *N.J.L.* 291 (E. & A. 1933). The argument runs that since Miss Breuninger, while representing Bernadette Brehm in negotiations with the defendants before the institution of the Superior Court suit, was unquestionably acting on behalf of Miss Brehm and by her authority, she is Miss Brehm's authorized agent. And since Miss Breuninger is thereby the authorized agent of a party to the action, she is subject to deposition on notice and expressly excluded from the class of persons required to be reimbursed by the deposing party under *R.* 4:14–7(b).

Defendant's logic is impeccable; it rests, however, upon the faulty premise that the rule in question subjects to deposition on notice (therefore without compensation) any person who has acted on behalf of and upon the authority of a party to a lawsuit, whether that party be an individual or an organization. Such a conclusion is shown to be unwarranted when *R.* 4:14–7(b) is read in conjunction with *R.* 4:14–2 (dealing with depositions on notice) and the parallel federal rule.

*R.* 4:14–2(c) provides as follows:

(c) Organizations. A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to

testify on its behalf, and may set forth for each person designated the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably available to the organization.

When the above rule is juxtaposed with the Comment to *R.* 4:14–7(b), it becomes clear that, in commenting on *R.* 4:14–7(b), Judge Pressler is consciously echoing the language of *R.* 4:14–2(c) and applying it to the provision of *R.* 4:14–7(b) dealing with reimbursement of witnesses. Thus, the words "officers, directors, managing and authorized agents of parties" should be interpreted in light of the context in which they appear in *R.* 4:14–2(c). That rule, which bears the title, "Organizations," limits the term "agent" to one who acts on behalf of a "public or private corporation or a partnership or association or governmental agency." There is no sound reason to stretch the meaning of the rule to encompass an attorney acting as the agent of an individual party.

This conclusion is further supported by a reading of *Fed.R. Civ.P.* 30(b)(6), from which our *R.* 4:14–2(c) was taken verbatim, and the cases decided thereunder. All the reported cases interpreting *Fed.R.Civ.P.* 30(b)(6) have dealt with corporations, associations, etc. They typically define "managing agents" as employees "invested by the *corporation* with general powers to exercise ... discretion in dealing with *corporate* matters." (Emphasis supplied). *Krauss v. Erie R. Co.,* 16 *F.R.D.* 127 (S.D.N.Y.1954); *see, also, Independent Productions Corp. v. Loew's Inc.,* 24 *F.R.D.* 19 (S.D.N.Y.1959); *Colonial Capital Co. v. General Motors Corp.,* 29 *F.R.D.* 514 (D.Conn.1961).

These cases and numerous others make it plain that the rule in question is not intended to apply outside the context of corporations, associations, etc.—that is, legal entities which obviously cannot be deposed except through their officers and agents.

Moreover, the court, in *Schilling-Hillier, etc. v. Virginia-Carolina Chem. Corp.,* 19 *F.R.D.* 271 (S.D.N.Y.1956), held that the general counsel of defendant corporation was not an officer or managing agent of the corporation under *Fed.R.Civ.P.* 30(b)(6).

Thus, in the case at bar, even if the court were to apply the rule in question to an individual party, it is by no means certain that Miss Breuninger, as Brehm's attorney in the pre-lawsuit negotiations, would be deemed as agent of Miss Brehm as that term is used in the applicable rules.

In any event, the court is convinced that the framers of our court rules had no intention of including attorneys, in situations similar to that occupied by Miss Breuninger here, in that class of persons subject to deposition on notice. Her attendance at the deposition in the Superior Court suit was in her capacity as a potential fact witness. Accordingly, *R.* 4:14–7(b) requires the deposing party to reimburse her for any loss of pay or out-of-pocket expenses she incurred by attending the deposition. As there is no dispute over the reasonableness of her bill, she will be permitted to retain the money inadvertently paid her.

## II

The remaining issue before the court is whether Miss Breuninger is entitled to reimbursement for the fee charged by her attorney, Mr. Staehle, for representing her at the deposition. Miss Breuninger admits in her brief that a lay witness is not entitled to bring an attorney to a deposition at the deposing party's expense. She contends, however, that the special circumstances surrounding her deposition make such reimbursement appropriate.

The court is not persuaded. There is nothing in the language of *R.* 4:14–7(b) to support such an award. While several of our discovery rules provide for awards of attorney's fees, in each of these rules the allowance of attorney's fees is expressly set forth in the language of the rule itself. See *R.* 4:14–8 (failure to attend deposition or subpoena witness); *R.* 4:17–5(d) (as penalty for bringing frivolous motion); *R.* 4:23–1(c) (failure to make discovery).

Furthermore, the above rules concern conduct by one party which unjustifiably impedes pretrial discovery or unduly burdens an adversary. Such conduct cannot be equated with that of plaintiffs in the present case, especially in view of the court's previous holding that it was entirely proper, if somewhat unusual, for plaintiffs to depose Miss Breuninger.

Miss Breuninger is not entitled to be reimbursed by plaintiffs for the fee charged by her attorney. Judgment will be entered in favor of plaintiffs McDonough, Murray & Korn and against defendant Breuninger for the amount plaintiffs inadvertently paid her on behalf of Staehle, plus costs of the suit.